**DIRT, INC., and Lamar Allen Harrison, Plaintiffs-Appellants,**

v.

**MOBILE COUNTY COMMISSION, William E. Hays, Douglas Wicks and Dan Wiley, Defendants-Appellees.**

No. 83-7456.

United States Court of Appeals, Eleventh Circuit.

Aug. 27, 1984.

**1564**

Vincent F. Kilborn, III, Mobile, Ala., for plaintiffs-appellants.

Richard D. Horne, Hess, Atchison & Horne, Mobile, Ala., for defendants-appellees.

Before KRAVITCH and HENDERSON, Circuit Judges, and ALLGOOD *, District Judge.

ALBERT J. HENDERSON, Circuit Judge:

Dirt, Inc., a landfill operator, and Lamar Allen Harrison, its president, appeal from an adverse judgment in the United States District Court for the Southern District of Alabama, in their action for declaratory and injunctive relief challenging an act of the Alabama legislature (Act) regulating Mobile County's waste management system as being unconstitutional on its face and as applied to them. By mutual consent of the parties, the case was tried before a

magistrate who held that both the Act and its application were constitutional. Although we agree that the Act is facially valid, after a review of the proceedings we conclude that the county, in its administration of the Act, deprived the appellants of their procedural due process rights.

Dirt, Inc. has operated two landfills in Mobile County for the past fourteen years. In May of 1981, the Alabama legislature passed Act 81–450 authorizing Mobile County to establish a solid waste management program. The Act provides that waste be managed only by those individuals or companies holding valid permits, the receipt of which is conditioned upon successful application for a certificate of need. Pursuant to the language of the Act, such a certificate "shall not issue ... to any person whose activity will result in a materially adverse effect on the net revenues of County's Solid Waste Disposal System, as determined by the Commission." *Id.* at § V(2).

To conform with the Act, Harrison, acting on the behalf of Dirt, Inc., sought a certificate of need and a permit from the County Commission (Commission). The application was referred to the Solid Waste Advisory Board (Board) which considered it at its weekly meeting on October 7, 1982. The Board originally planned to deny the permit request at that meeting but then tabled action until a later, indeterminate date. Although Harrison attended the October 7, 1982 meeting, he did not attend the subsequent meeting on October 21, 1982 at which time the Board actually voted to deny the permit and certificate of need.

It is undisputed that Harrison was never notified that his application would be considered at the October 21, 1982 meeting. The appellants characterize this failure to give notice as a violation of procedural due process. Additionally, they contend that because the denial of a permit will require them to shut down the landfills, thereby drastically reducing their worth for any

* Honorable Clarence W. Allgood, U.S. District Judge for the Northern District of Alabama, sitting by designation.

alternative purpose, the unconstitutional acts of the Board and Commission amounted to a taking without just compensation in violation of the fifth and fourteenth amendments. Finally, the appellants assert that the statute itself is unconstitutional both because it exceeds the permissible scope of the state's police power and is unduly vague. Taking the last contention first, we address each argument in turn.

■ The appellants first claim that the guideline set forth in § V(2) of the Act which provides for denial of applications that "will result in a materially adverse effect on net revenues of the County's Solid Waste Disposal System, as determined by the Commission" is incapable of definitive construction. They point to the testimony of the County Solid Waste Coordinator who stated that he did not know the difference between "revenues" and "net revenues." *See* transcript at 49. "A law is void for vagueness if persons 'of common intelligence must necessarily guess at its meaning and differ as to its application.'" *Alladin's Castle, Inc. v. City of Mesquite,* 630 F.2d 1029 (5th Cir.1980) [1] (quoting *Connally v. General Construction Co.,* 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322, 328 (1920)). In spite of the Waste Coordinator's inability to articulate a distinction between these two terms, this statutory language cannot be said to be so vague or illusive that it is not amenable to reasonably concrete construction and sufficiently precise comprehension by ordinary individuals.

■ Next the appellants urge that the Act itself violates substantive due process because its intent and prohibitions fall without the permissible scope of the state police power. To satisfy due process, "the challenged legislation must have a legitimate public purpose based on promotion of the public welfare, health or safety," *Alladin's Castle, Inc. v. City of Mesquite,* 630 F.2d 1029, 1039 (5th Cir.1980), and "be rationally related to the accomplishment of [that] legitimate state purpose." *Id.*

■ The appellants do not contend that in all circumstances, the regulation of landfills exceeds the permissible scope of the police power since the county clearly has an interest in insuring reliable, sanitary and cost-efficient waste management. Instead, they deny that the "impairment of net revenues" test is a rational means through which to effect this legitimate end. We disagree. By limiting entry into its waste disposal market on a "net revenues effect" basis, the county achieves two valid ends. First, before the county began contracting out its waste management, it operated its own landfills at a deficit of up to $100,000.00 per year. After contracting out the work to a garbage hauler, the county relieved itself of this economic burden. Second, the terms of the county's current waste disposal contract are such that it conceivably could earn revenue from the operation of the system. The contract provides that the county is entitled to a percentage payment based on the tonnage hauled by the current contractor, BFI. However, the county must guarantee BFI a certain volume of business. Otherwise, it would not be economically feasible for BFI to continue with the contract. This would leave the county in the undesirable position of losing all potential future revenues, thereby forcing it to resume the operation of its landfills, likely at another deficit. Therefore, the challenged legislation achieves the valid state purpose of continued, cost-free operation of the county waste management system.

■ Dirt, Inc. and Harrison also assert that the denial of a permit effects a "taking" without compensation in violation of the fifth and fourteenth amendments since the property can no longer be used as a landfill. This position is unsupported in the law. Although the Supreme Court of the United States has made clear that a state statute substantially furthering important public interests may work such a severe economic hardship on the landowner so as to constitute a taking, *see Pennsylva-*

**1.** In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as precedent all decisions of the former Fifth Circuit decided prior to October 1, 1981.

nia Central Transportation Co. v. New York, 438 U.S. 104, 98 S.Ct. 2646, 57 L.Ed.2d 631 (1978), the Court implicitly has imposed the burden of proof of demonstrating diminished land value on the claimant. See id. at 127, 98 S.Ct. at 2660, 57 L.Ed.2d at 650, discussing Goldblatt v. Hempstead, 369 U.S. 590, 82 S.Ct. 987, 8, L.Ed.2d 130 (1962). The only evidence of reduced value or inability to carry on a productive use of the land in the instant case was Harrison's own bare assertions that the denial of a permit would diminish the value of his land by about 92%, see transcript at 138, and that he could "think" of no other good use for the property. See transcript at 124.

■ A reduction in value alone will not establish a taking. See Pennsylvania Central Transportation Co. v. New York, 438 U.S. at 131, 98 S.Ct. at 2663, 57 L.Ed.2d at 653. Therefore, even if Harrison's devaluation estimate is accurate, the magistrate specifically discredited Harrison's claim that a landfill was the sole productive use for the property. See Order, record at 121. Because the record is devoid of any facts to show that this finding of the magistrate was clearly erroneous, Harrison did not satisfy his burden in proving an unconstitutional deprivation.

As a final matter, the appellants attack the lack of notice of the October 21, 1982 meeting and the consideration of the permit request by Harrison's alleged political adversary, Commissioner Wiley, as violations of procedural due process. Satisfaction of procedural due process encompasses the two concepts of notice and a hearing. Harrison and Dirt, Inc. claim that the company was deprived of both.

■ The magistrate implicitly concluded that Harrison did not receive notice of the pending consideration of the application but excused the default, stating that Harrison had a duty to inquire. The imposition of such a duty is constitutionally deficient. Proper notice is a jurisdictional prerequisite to valid agency action. See North Alabama Express, Inc. v. United States, 585 F.2d 783, 790 (5th Cir.1978). Due process requires "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950) (citations omitted). It is evident then that a total failure to furnish notice does not meet the standard for proper notice set out in Mullane. Accordingly, the commission was without authority to take binding action against Dirt, Inc.

■ The second element of due process is the right to a hearing by an impartial tribunal. See Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). In re Murchison, 349 U.S. 133, 75 S.Ct. 623, 99 L.Ed. 942 (1955). Dirt, Inc. and Harrison allege that they did not receive a fair hearing because Dan Wiley, an alleged political enemy of Harrison, serves on both the Solid Waste Management Advisory Board and the County Commission, the body that makes the actual and final permit decisions.

■ The magistrate found specifically that Dirt's application was denied for economic reasons and not personal enmity. Assuming that this finding is not clearly erroneous, precedent is clear that tribunals should avoid even the appearance of impropriety. Although such an appearance of bias is clearly present in this case, the standards governing administrative proceedings are far more relaxed than those controlling judicial hearings. See Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (prison "adjustment" committee comprised of prison staff members held sufficiently impartial to satisfy due process). Therefore, although Wiley's presence on both the county boards may not have been entirely proper, it was not so infirm as to render the proceedings violative of due process on this ground.

The failure to furnish adequate notice that the appellants' rights were to be determined at the October 21, 1982 meeting renders the action taken at that hearing constitutionally invalid.

AFFIRMED in part and REVERSED in part.