785 F.2d 596
 4 Fed.R.Serv.3d 1129
 James W. LITTLEFIELD and Bonnie J. Littlefield, Appellants,
v.
CITY OF AFTON, a Minnesota municipal corporation; George
Billmeyer, Nicholas Mucciacciaro, Kenneth Kopitske, Edward
Tichenor, and Richard Frenzel, members of the Afton City
Council; and Helen H. Baker, Appellees.
 No. 85-5005.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 11, 1985.
Decided Jan. 3, 1986.
As Amended on Denial of Rehearing
Feb. 11, 1986.
 
 James W. Littlefield, Afton, Minn., pro se.
 Thomas J. Radio, Minneapolis, Minn., for appellees.
 Before McMILLIAN and FAGG, Circuit Judges and WOODS*, District Judge.
 McMILLIAN, Circuit Judge.
 
 
 1
 James W. Littlefield and Bonnie J. Littlefield appeal from a final order entered in the District Court for the District of Minnesota granting summary judgment in favor of the City of Afton, members of the Afton City Council, and Helen H. Baker (the City) and dismissing their 42 U.S.C. Sec. 1983 (1982) action without prejudice. For reversal, appellants argue that the district court erred in (1) holding that appellants did not have a protected property interest in the building permit, (2) holding that appellants may not maintain an action under Sec. 1983 in federal court if state remedies are available, (3) denying appellants' motion for summary judgment, and (4) denying appellants' motion to amend their complaint to allege equal protection violations. For the reasons discussed below, we affirm in part and remand this case for further proceedings consistent with this opinion.
 
 
 2
 On August 26, 1983, appellants acquired by warranty deed a 19.3 acre parcel of land located in Afton, Minnesota. This parcel of land is bordered on the south by South Indian Trail, a Washington County public road. On September 9, 1983, appellee Helen H. Baker, the zoning administrator of the City of Afton, advised appellants that they could not obtain a building permit to erect a residence on their land because the conveyance constituted a subdivision of their seller's property which had not been approved by the City of Afton as required by ordinance.[1] Helen H. Baker and her husband and Robert Fritz and his wife jointly own a parcel of land to the north of but not adjoining appellants' property. The Baker-Fritz property has never had access to South Indian Trail.
 
 
 3
 On September 20, 1983, a city council meeting was held to consider the subdivision of appellants' land. The city council referred the matter to the planning commission for a public hearing on the application for a "minor subdivision." A minor subdivision is an expedited process for certain divisions of land. Afton City, Minn., Code of Ordinance, ch. 5 Sec. 905.1 (1973).
 
 
 4
 The Afton Zoning Administration Committee (AZAC) met on September 27, 1983, to consider the application for a minor subdivision. The AZAC recommended to the planning commission that the minor subdivision be approved subject to certain conditions. The planning commission held a public hearing on October 11, 1983, and subsequently recommended to the city council that the subdivision be approved subject to the earlier stated conditions. The City in its brief asserts that one of the conditions was the dedication of a public right of way across appellants' property to provide access to a land-locked parcel of land. The City Council adopted the recommendation.
 
 
 5
 The City of Afton in a letter dated July 10, 1984, advised appellants that "the city now stands willing and ready to grant you a building permit once you have conveyed to Mr. and Mrs. Baker and Mr. and Mrs. Fritz the additional public right of way."
 
 
 6
 In November 1983 appellants filed suit in federal court. Appellants sought injunctive relief and damages for deprivation of their fourteenth amendment rights. The complaint, construed liberally in accordance with Fed.R.Civ.P. 8(f), alleges a denial of procedural and substantive due process and a taking without just compensation and for a non-public purpose.[2]
 
 
 7
 The district court, relying on Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912-13, 68 L.Ed.2d 420 (1981) (Parratt), and Collier v. City of Springdale, 733 F.2d 1311, 1314-15, 1317 (8th Cir.1984) (Collier), granted summary judgment in favor of the City. On December 14, 1984, the district court granted appellants' motion to alter the judgment and entered an order dismissing the complaint without prejudice. The district court viewed appellants' complaint as alleging a procedural due process claim and a taking claim. Appellants' claims based on arbitrary action and taking for a non-public purpose were not considered by the district court as separate substantive due process claims but rather as part of the procedural due process and taking claims. The district court held that plaintiffs did not have a protected property interest in a building permit and that denial of a building permit, even if in violation of state law, is reviewable only in state court. The district court similarly held that appellants' taking claim could not be brought in federal court because state remedies, e.g., an inverse condemnation action and a writ of mandamus, were available.
 
 
 8
 Summary judgment is an extreme remedy and should not be granted unless the moving party has established its right to judgment with such clarity as to leave no room for controversy and has established that the other party is not entitled to recover under any discernible circumstances. E.g., Mandel v. United States, 719 F.2d 963, 965 (8th Cir.1983). A party is entitled to summary judgment only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. We hold that the district court properly denied summary judgment to appellants but erred in granting summary judgment to the City on the substantive due process claim because genuine issues of material fact existed.
 
 Procedural Due Process
 
 9
 Appellants initially argue that the district court erred in holding that they did not have a protected property interest in the building permit. Appellants argue that under Minnesota law the issuance of a building permit is not discretionary and that a building permit must be issued if the applicant has met all the qualifications for the permit. Appellants further argue that they have complied with all the applicable provisions of the Afton ordinances related to land use and building permits.
 
 
 10
 The parties in the present case devote a significant portion of their argument to the application of Parratt to this case. The City argues that Parratt bars this procedural due process claim in federal court because state remedies are available. We disagree.
 
 
 11
 Parratt held that a plaintiff, asserting a violation of procedural due process, must allege that a person acting under color of state law deprived him or her of a protected property interest and that the state procedures available for challenging the deprivation do not satisfy the requirements of procedural due process. 451 U.S. at 537, 101 S.Ct. at 1914. The Court stated that the requirement of a predeprivation hearing does not apply in those cases where the deprivation is the result of "a random and unauthorized act by a state employee," id. at 541, 101 S.Ct. at 1916; see Thibodeaux v. Bordelon, 740 F.2d 329, 334 (5th Cir.1984) and the "loss is not the result of some established state procedure and the State cannot predict precisely when the loss will occur .... [and] it is not only impracticable, but impossible to provide a meaningful hearing before the deprivation." Parratt, 451 U.S. at 541, 101 S.Ct. at 1916. The Court concluded that in these situations, the alleged deprivation of property was not without due process of law if the state provided adequate post-deprivation remedies. Id. at 543-44, 101 S.Ct. at 1917. Parratt therefore applies only if a determination has been made that a predeprivation hearing is not required.
 
 
 12
 Consequently, in analyzing a claim that the deprivation of property violates procedural due process, a court must first consider if the plaintiff has a constitutionally protected property interest. If there is a protected property interest, the court then considers whether the plaintiff has a right to a predeprivation hearing for the violation. A plaintiff has a right to a predeprivation hearing unless the action is random and unauthorized or the state cannot possibly provide a predeprivation hearing or the circumstances are those which the Supreme Court has recognized as excusing a predeprivation hearing. E.g., North American Cold Storage Co. v. City of Chicago, 211 U.S. 306, 320, 29 S.Ct. 101, 106, 53 L.Ed. 195 (1908) (seizure of contaminated food). If the plaintiff has the right to a predeprivation hearing, then the inquiry proceeds to what type of predeprivation hearing is required. If a predeprivation hearing is not required, the inquiry is whether state post-deprivation remedies are adequate. State post-deprivation remedies cannot satisfy due process if a predeprivation hearing is required.
 
 
 13
 We believe that the confusion evidenced by the parties and the district court may be the result of not following this type of analytical approach. Erroneously, the parties and the court considered the availability and adequacy of state postdeprivation remedies without first determining if a predeprivation hearing was required. We consider appellants' procedural due process claim against this analytical framework.
 
 
 14
 To establish a claim under Sec. 1983, plaintiffs must show that they have been deprived of a federally protected right, privilege or immunity as a result of action taken by persons acting under color of state law. E.g., Parratt, 451 U.S. at 535, 101 S.Ct. at 1912-13. Property interests are created and their dimensions defined by existing rules or understandings that stem from an independent source, such as state law, rules or understandings that support claims of entitlement to certain benefits. Id., at 529, 101 S.Ct. at 1910; Ervin v. Blackwell, 733 F.2d 1282, 1258 (8th Cir.1984). A legitimate claim of entitlement can arise from procedures established in statutes or regulations adopted by states or political subdivisions. Parks v. Watson, 716 F.2d 646, 656-57 (9th Cir.1983) (Parks ); Wilson v. Robinson, 668 F.2d 380, 382-83 (8th Cir.1981).
 
 
 15
 In Parks, the Ninth Circuit held that procedural requirements, established by statute, may create a property interest if the requirements "were intended to operate as a 'significant substantive restriction' on the agency's action." 668 F.2d at 382 (citation omitted). The court held that a development company had a protected property interest in the vacation of a public street because the statute, Or.Rev.Stat. Sec. 271.120 (1981), "mandates that if the three matters [consent of owners in the area, notice and public interest] are determined in favor of the petition the governing body shall vacate the streets. Once the conditions are met the city lacks discretionary powers." Parks, 716 F.2d at 657. The court concluded that "the statutory scheme placed significant substantive restrictions on the agency's actions so as to confer due process rights," on the development company. Id.
 
 
 16
 Similar reasoning has been used in other cases in determining whether an applicant's interest in a permit or license, which is denied, is a constitutionally protected interest. The Ninth Circuit in Jacobson v. Hanniflin examined the applicable state statute to determine the "extent to which the statute contains mandatory language that restricts the discretion of the Commission to deny licenses to applicants who claim to meet the minimum eligibility requirements." 627 F.2d 177, 180 (9th Cir.1980). The Ninth Circuit found that no property interest existed because "[t]he only substantive restriction imposed upon the Commission's exercise of authority is the requirement that the basis for its decision be reasonable. This wide discretion resting with the Gaming Commission negates [the] claim of a protectible property interest created by the State." Id. (citation omitted).
 
 
 17
 The First Circuit similarly held in Medina v. Rudman, 545 F.2d 244, 251 (1st Cir.1976), cert denied, 434 U.S. 891, 98 S.Ct. 266, 54 L.Ed.2d 177 (1977), that a license to own a greyhound racetrack was not a protected property interest because by statute the license could be issued at will. The court held that a property interest does exist, however, "when a state holds out a right to citizens to engage in an activity on equal terms with others...." Id. at 250; see Shelton v. City of College Station, 754 F.2d 1251, 1256-57 (5th Cir.1985) (Shelton ) (zoning variance under Texas law is a protected property right because Texas law recognizes a judicial remedy for an arbitrary and unreasonable zoning action by a municipal agency); Dirt, Inc. v. Mobile County Commission, 739 F.2d 1562, 1566 (11th Cir.1984) (permit for solid waste disposal may not be denied without procedural due process; implicit recognition of property interest in permit). Sternaman v. County of McHenry, 454 F.Supp. 240, 250 (N.D.Ill.1978) (arbitrary and capricious denial of conditional use permit violates due process).
 
 
 18
 The Fourth Circuit, in Scott v. Greenville County, 716 F.2d 1409, 1418-1419 (4th Cir.1983), held that an applicant for a building permit had a protected property interest in the permit "upon presentation of an application and plans showing a use expressly permitted under the then-current zoning ordinance." Id. at 1418; see Wright v. City of Columbia, 173 S.E.2d 136, 137-38 (S.C.1970). The interest in the building permit was a "cognizable property interest, rooted in state law, to which federal due process protection extended." Scott v. Greenville County, 716 F.2d 1418-19 (footnote omitted).
 
 
 19
 Under Minnesota law, an applicant is likewise entitled to a building permit upon compliance with applicable laws and codes.[3] Alexander v. City of Minneapolis, 267 Minn. 155, 125 N.W.2d 583, 585 (1963); see Arcadia Development Corporation v. City of Bloomington, 267 Minn. 221, 125 N.W.2d 846, 849 (1964). If the landowner complies with the laws and codes, the municipality lacks discretion and must issue a building permit.[4] See Curry v. Young, 285 Minn. 387, 173 N.W.2d 410, 415 (1969). The Minnesota Supreme Court has held that
 
 
 20
 [a] denial [of a permit] would be arbitrary, for example, if it was established that all the standards specified by the ordinance as a condition to granting the permit have been met. Where the ordinance does not specify standards, as is usually the case when final authority ... is retained by the council, an arbitrary denial may be found by a reviewing court when the evidence ... establishes that the requested use is compatible with the basic use authorized within the particular zone and does not endanger the public health or safety or the general welfare of the area affected or the community as a whole.
 
 
 21
 Zylka v. City of Crystal, 283 Minn. 192, 167 N.W.2d 45, 49 (1969) (special use permit denied and no reason given); see Metro 500 Inc. v. City of Brooklyn Park, 297 Minn. 294, 211 N.W.2d 358, 361-62 (1973). "Where the requested use is consistent with those authorized by [the] zoning ordinance, the permit may not be denied unless there is a showing that the public health, safety, or welfare is in danger." Metro 500 v. City of Brooklyn Park, 211 N.W.2d at 362; see Holasek v. Village of Medina, 303 Minn. 240, 226 N.W. 900, 903 (1975).
 
 
 22
 The Federal District Court for the District of Minnesota, has held, contrary to the Minnesota Supreme Court, that there is no property interest in an unissued building permit or license to operate a used motor vehicle parts business. Minneapolis Auto Parts Co. v. City of Minneapolis, 572 F.Supp. 389, 395 (D.Minn.1983), aff'd, 739 F.2d 408 (8th Cir.1983) (affirmed on other grounds).[5] The district court, relying on Country Liquors Inc. v. City Council of the City of Minneapolis, 264 N.W.2d 821, 824 (Minn.1978), (Country Liquors), held that the city was vested with discretion to issue the permits and therefore there was no legitimate expectation that the permit would be issued.
 
 
 23
 We believe that the district court's reliance on Country Liquors is misplaced. The Minnesota Supreme Court in Country Liquors recognized that a city is vested with broad discretion to issue a liquor license, id. at 820; see Wajda v. City of Minneapolis, 310 Minn. 339, 246 N.W.2d 455, 457 (1976), and further held that the ordinance in question only set minimum standards and the city in its discretion may consider other factors. Country Liquors, 264 N.W.2d at 824. As previously indicated in the cases discussed above, Minnesota law does not accord municipalities such broad discretion in the issuance of building permits. If an appellant meets the standards established by the ordinance, the permit must be issued. The municipality may not consider factors not specified in the ordinance. Zylka v. City of Crystal, 167 N.W.2d at 49.
 
 
 24
 Because Minnesota state law and the ordinance of the City of Afton require that the City of Afton issue a permit upon appellants' compliance with the ordinance, the City's decision making power is significantly and substantially restricted. Thus, an applicant for a building permit has a constitutionally protected property interest in the permit, which is conditioned only by compliance with the ordinances. See Parks, 716 F.2d at 657.
 
 
 25
 We hold that appellants have a property interest in the building permit because they complied with all the legal requirements contained in the ordinances of the City of Afton. Appellants need not comply with illegal conditions in order to have a property interest in the permit. The City had no authority under the dedication statute to require that appellants convey a right of way to private parties. Minn.Stat. Sec. 462.358 (1984); Collis v. City of Bloomington, 10 Minn. 5, 246 N.W.2d 19, 21, 26 (1976).
 
 
 26
 Platting, which is required by the ordinance in some instances, does not apply to appellants' land. The City conceded this at oral argument before this court and also before the district court. The ordinances in effect at the time appellants applied for a permit required platting for land under five acres. Sec. 909.02. Appellants own 19 acres; thus their land is exempt from the platting requirement. The City does not dispute that appellants submitted a survey in August 1983, which was required for parcels of land between five and twenty acres. Sec. 909.03.
 
 
 27
 The 1980 Minnesota statutory amendment, which made platting a requirement for parcels of land under twenty acres, had not been adopted by the City when appellants applied for a permit. The ordinances, submitted by the City as an attachment to its brief, do not reflect this change. The 1980 amendment is an enabling act and has no effect until adopted by the City. 224 Op.Atty.Gen. 282-283 (1940).
 
 
 28
 Having determined that appellants have a protected property interest in the building permit, we now consider whether appellants have a right to a hearing prior to the denial of a building permit. "Parties whose rights are to be affected are entitled to be heard...." Fuentes v. Shevin, 407 U.S. 67, 80, 92 S.Ct. 1983, 1994, 32 L.Ed.2d 556 (1971) (citation omitted). Due process however does not mandate a full evidentiary hearing in every situation, Meridian Homes Corp. v. Nicholas W. Prassas & Co., 683 F.2d 201, 204 (7th Cir.1982); the hearing must be appropriate to the nature of the case. Gallagher & Ascher Co. v. Simon, 687 F.2d 1067, 1076 (7th Cir.1982).
 
 
 29
 In the present case the City does not address whether a predeprivation hearing is required because the district court determined that no property interest existed. We believe, however, that the City could present no facts to justify the denial of a predeprivation hearing. The action which caused the deprivation was not random and unauthorized but was carried out according to established procedures. Nor were there any "important governmental or general public interest" or "any extraordinary situations where some valid governmental interest ... justifie[d] postponing the hearing until after the [deprivation]". Fuentes v. Shevin, 407 U.S. at 82, 92 S.Ct. at 1995. Appellants therefore were entitled to a hearing prior to the denial of their application for a building permit.[6]
 
 
 30
 Appellants allege in their complaint that they were not provided a hearing. The City states in its brief that a public hearing on the minor subdivision of appellants' property was held and also that appellant attended a city council meeting where the subdivision of appellants' land was discussed. The district court in its opinion states: "In their quest for a building permit, plaintiffs [appellants] had to attend a series of meetings. The final meeting plaintiffs attended was the Oct. 18, 1983, Afton City Council Meeting." At this October 18, 1983, meeting the City Council approved the subdivision subject to certain conditions. We hold that appellants were provided procedural due process because they were afforded actual notice of the meetings and they were given an opportunity to be heard at these meetings.
 
 Substantive Due Process
 
 31
 Appellants next argue that their due process rights were violated because appellees acted arbitrarily and capriciously in denying the building permit. Appellants also argue that their constitutional rights were violated by the City's conditioning of the issuance of a building permit upon the conveyance of land to private parties for a nonpublic use.[7] The City does not address this contention but argues that the building permit was denied because of appellants' noncompliance with the land use ordinances.[8] The district court considered this argument as part of appellants' taking claim and did not address the argument directly. The district court, relying on Collier v. City of Springdale, held that appellants must seek a remedy in state court.
 
 
 32
 This circuit has not previously considered whether an arbitrary, capricious or illegal denial of a building permit states a substantive due process claim under Sec. 1983. A number of other circuits have considered this question and all but the First Circuit generally recognize such claims.
 
 
 33
 The First Circuit has consistently held that a Sec. 1983 claim may not be based on a denial of a permit, even if the denial was malicious, in bad faith, and for invalid and illegal reasons. Chiplin Enterprises, Inc. v. City of Lebanon, 712 F.2d 1524, 1526-28 (1st Cir.1983) (damages sought for five-year delay between initial application and grant of building permit); see Alton Land v. Town of Alton, 745 F.2d 730, 732 (1st Cir.1984); Roy v. City of Augusta, 712 F.2d 1517, 1522 (1st Cir.1983). In an earlier case, Creative Environments, Inc. v. Estabrook, 680 F.2d 822, 833 (1st Cir.1982), involving the rejection of a corporation's definitive subdivision plan, the First Circuit held[T]he conventional planning dispute--at least when not tainted with fundamental procedural irregularity, racial animus, or the like ... is a matter primarily of concern to the state and does not implicate the Constitution. This would be true even were planning officials to clearly violate, much less distort the state scheme under which they operate. A federal court, after all, should not ... sit as a zoning board of appeals.
 
 
 34
 Id. at 833 (citation omitted) (emphasis added).
 
 
 35
 The First Circuit, however, has recognized that on rare occasions a denial of a land use permit may be the basis for a Sec. 1983 claim. In Roy v. City of Augusta, 712 F.2d at 1522-24, the First Circuit held that the applicant stated a Sec. 1983 claim, when he alleged that the city council issued an expired license in defiance of a state court judgment. The state court had ordered the city council to issue the applicant a license to operate his pool and billiard room. The First Circuit reversed the district court's dismissal for failure to state a claim and remanded for a determination whether defendants' "actions were sufficiently egregious under the circumstances to rise to the level of a constitutional violation." Id. at 1524. The court stated:
 
 
 36
 We emphasize as a crucial element of Roy's due process claim that he must prove that defendants' refusal to issue a license was totally without reasonable sanction under the [state court] judgment. If their issuance of an expired license should turn out to be a reasonable, even if incorrect, response, withholding of the license would not have been a subversion of the state's procedures and the demands of due process.... [Roy must] prove that his injury was due not merely to the law's delay and the councillors errors but to [the council's] deliberate disregard of the state's fundamental process.
 
 Id. (emphasis added)
 
 37
 Similarly, the First Circuit in Cordeco Development Corp. v. Santiago Vasquez, 539 F.2d 256, 260, cert. denied, 429 U.S. 978, 97 S.Ct. 488, 50 L.Ed.2d 386 (1976), held that a plaintiff's equal protection rights were violated by the denial of a permit. The plaintiff's request for a permit to extract sand from his property was denied although permits were issued to a politically influential owner of five tracts of land which surrounded the plaintiff's land. Id. This owner opposed the plaintiff's application. A permit subsequently issued to the plaintiff excluded the area containing most of the sand dunes. The First Circuit held that two state officials had acted "wantonly and with actual malice." and had failed to act on the plaintiff's application because of illegitimate political considerations. Id.
 
 
 38
 Other circuits have been more liberal than the First Circuit in recognizing a Sec. 1983 claim based on a denial of a land use permit. The Fifth Circuit in Shelton v. City of College Station, held that the arbitrary deprivation of a zoning variance, a property right under Texas Law, "implicates the invasion of Fourteenth Amendment due process rights." 754 F.2d at 1256-57. The plaintiff in Shelton sought a variance from the city's off-street parking requirements. The city denied the variance although "almost all other businesses in the area including ... the successor to the plaintiff's interest in the identical property" were granted variances. Id. at 1255. The Fifth Circuit reversed the summary judgment and remanded to the district court for a determination whether "the action of the zoning commission is arbitrary and capricious, having no substantial relation to the general welfare." Id., citing South Gwinnett Venture v. Pruitt, 491 F.2d 5, 7 (5th Cir.) (en banc) (zoning reclassification, normally not subject to federal court scrutiny, may violate due process where "the action of the zoning commission is arbitrary and capricious"), cert. denied, 416 U.S. 901, 94 S.Ct. 1625, 40 L.Ed.2d 119 (1974).
 
 
 39
 The Seventh Circuit has likewise recognized that an arbitrary denial of a building permit may be the basis for a Sec. 1983 action. Scudder v. Town of Greendale, 704 F.2d 999, 1002 (7th Cir.1983) (decision on the merits; denial of building permit was not arbitrary or capricious). In Albery v. Redding, the Seventh Circuit, stated: "To prevail on this theory [substantive due process], plaintiff must allege and prove that the Zoning Ordinance or the Uniform Building Code ... is arbitrary and unreasonable or that its application bears no substantial relation to the public health, safety, or morals." 718 F.2d 245, 251 (7th Cir.1983). On the merits, the Seventh Circuit held that the decision denying a variance to allow the completion of a 21 foot garage instead of a 15 foot garage was not arbitrary or unreasonable. Id.
 
 
 40
 The Third, Fourth, Sixth, Ninth, and Eleventh Circuits have similarly held that a substantive due process claim may be based on the denial of a land use permit. The Fourth Circuit, in Scott v. Greenville County, 716 F.2d at 1418-21, held that a fourteenth amendment claim is properly stated where "there is fairly alleged a basis for finding either 'abuse of discretion [or] caprice in [a] zoning administrator's refusal to issue' a building permit...." Id. at 1419, citing United Land Corporation v. Clarke, 613 F.2d 497 (4th Cir.1980). The county council's moratorium on building permits directed exclusively at plaintiff was held to be "extraordinary, extralegal, and in derogation of its regular practice of non-involvement in permit issuance." Scott v. Greenville County, 716 F.2d at 1421. The court further stated that the county council by so doing directly contravened an express section of its own zoning ordinance. Id. at 1419.
 
 
 41
 The Sixth Circuit has held that the denial of a license because of bias and the desire to avoid competition violates a property owner's substantive due process rights. Wilkerson v. Johnson, 699 F.2d 325, 328 (6th Cir.1983). The Sixth Circuit held that the defendants impermissibly imposed conditions not required by the statute and that the defendants had denied plaintiff's request for a license to operate a barbershop because of their direct pecuniary interest in avoiding competition.
 
 
 42
 The Eleventh Circuit has also held that imposition of requirements, not included in the ordinance, upon an applicant for a permit violates substantive due process. Southern Cooperative Development Fund v. Driggers, 696 F.2d 1347, 1356 (11th Cir.), cert. denied, 463 U.S. 1208, 103 S.Ct. 3539, 77 L.Ed.2d 1389 (1983). The defendants had an administrative duty to approve the proposed plat upon the property owner's compliance with the applicable regulations. Id.
 
 
 43
 The Third Circuit in Rogin v. Bensalem Townships, 616 F.2d 680, 689-90 (3d Cir.1980), cert. denied, 450 U.S. 1029, 101 S.Ct. 1737, 68 L.Ed.2d 223 (1981) held that a substantive due process claim may be based on a permit denial. The court concluded on the basis of the facts before it that the denial of the remaining permits was not arbitrary and capricious and therefore did not violate substantive due process.
 
 
 44
 The Ninth Circuit, in a case factually similar in many respects to the present case, held that a city may not require an applicant for a permit under land use ordinances to dedicate its property in exchange for the issuance of a permit. Parks v. Watson, 716 F.2d at 646. In Watson a development company requested the vacation of certain public streets. The development company was willing to pay $1.00 for each square foot of street that was vacated and to convey to the city an easement for a 20 foot strip of property. However, the city wanted dedication of the property in order that the city would gain rights to the geothermal wells on the property. The development company based its claim on the doctrine of unconstitutional conditions.[9] The court concluded that a condition requiring an applicant for a governmental benefit to forego a constitutional right is unlawful if the condition is not rationally related to the benefit conferred. The court held that it was a violation of the fifth amendment for the city to condition the vacation of certain platted city streets on the relinquishment of the right to just compensation for the taking of the geothermal wells.
 
 
 45
 This circuit addresses the issue of a Sec. 1983 substantive due process claim based on a denial of a building permit for the first time in this case. We are concerned that federal courts not sit as zoning boards of appeals "when presented with claims which, although couched in constitutional language, at bottom amount only to 'the run of the mill dispute between a developer and a town planning agency.' " Scott v. Greenville County, 716 F.2d at 1419, citing Creative Environments, 680 F.2d at 833.
 
 
 46
 [It is] primarily the province of the municipal body to determine the use and purpose to which property within its boundaries may be devoted, and it is neither the province nor the duty of a federal court to interfere with the discretion with which such bodies are vested, unless the legislative action of the municipality is shown to significantly invade the ... constitutional rights of the complaining party.
 
 
 47
 Sternaman v. County of McHenry, 454 F.Supp. 240, 242 (N.D.Ill.1978). "The only question which federal district courts may consider is whether the action of the zoning commission is arbitrary and capricious, having no substantial relation to the general welfare." South Gwinnett Venture v. Pruit, 491 F.2d at 7.
 
 
 48
 We are persuaded by the almost unanimous decisions of our sister circuits that the denial of a building permit under some circumstances may give rise to a substantive due process claim. We hold therefore that appellants stated a substantive due process claim when they alleged that the City acted capriciously and arbitrarily and imposed an unconstitutional condition on the granting of the permit. The district court did not decide this claim; we therefore remand for a determination whether the city acted arbitrarily or capriciously or imposed an unconstitutional condition. We express no opinion on the merits of this claim.
 
 
 49
 The City argues that even if appellants state a claim, the claim may not be brought in federal court because adequate state remedies are available. The City cites Parratt as authority for their position. This reliance on Parratt is misplaced. By its express terms, Parratt applies only to procedural due process claims and bars the claim only if the plaintiff has no right to a predeprivation hearing.
 
 
 50
 The applicability of Parratt to claims of deprivation of property rights in violation of substantive due process is not clear. Justice Stevens, joined by Justice Brennan, Justice Marshall, and Justice Blackmun, in a separate opinion in Hudson v. Palmer, stated:
 
 
 51
 I do not understand the Court's holding [that Parratt applies to intentional as well as negligent deprivation of property] to apply to conduct that violates a substantive constitutional right--actions that government officials may not take no matter what procedural protections accompany them,
 
 
 52
 468 U.S. 517, ----, n.4, 104 S.Ct. 3194, 3208, n. 4, 82 L.Ed.2d 393 (1984). The Supreme Court in Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), which predates Parratt, held that the availability of state remedies for a substantive constitutional violation does not preclude recovery under Sec. 1983.
 
 
 53
 It is no answer that the State has a law which if enforced would give relief. The federal remedy is supplementary to the state remedy, and the latter need not be first sought and refused before the federal one is invoked. Hence the fact that Illinois by its constitution and laws outlaws unreasonable searches and seizures is no barrier to the present suit in the federal court.
 
 
 54
 Id. at 183, 81 S.Ct. at 482;
 
 
 55
 The Fifth Circuit in co:sidering the applicability of Parratt to substantive due process claims, stated:
 
 
 56
 Parratt v. Taylor is not a magic wand that can make any section 1983 action resembling a tort suit disappear into thin air. Parratt applies only when the plaintiff alleges a deprivation of procedural due process; it is irrelevant when the plaintiff has alleged a violation of some substantive constitutional provision.
 
 
 57
 Augustine v. Doe, 740 F.2d 322, 329 (5th Cir.1984).
 
 
 58
 [W]hen a plaintiff alleges that state action has violated an independent substantive right, he [or she] asserts that the action itself is unconstitutional. If so, his [or her] rights are violated no matter what process precedes, accompanies, or follows the unconstitutional action.... Parratt's concern with the feasibility of pre-deprivation process has no place in this context.
 
 
 59
 Id., at 327 (citation omitted); The Supreme Court, 1981 Term, 96 Harv.L.Rev. 62, 105 (1984).
 
 
 60
 We agree with the Fifth Circuit that Parratt does not bar a claim based on a violation of a substantive constitutional right. Claims based on substantive due process, as distinguished from some procedural due process claims, may be brought in federal court.
 
 Taking
 
 61
 Appellants next argue that the City's denial of the building permit is in violation of their fifth amendment rights because the City has denied them the beneficial use of their land without compensation. Appellants also argue that the City's action is a taking because the action is beyond the scope of the City's police powers and was for a private rather than a public purpose. The City does not directly address this issue but does assert that the City in accordance with its ordinances denied the permit because of appellants' non-compliance with the requirements of the ordinances.
 
 
 62
 The district court, relying on this court's decision in Collier v. Springdale, 733 F.2d at 1317, held that appellant could not bring this taking claim in federal court because of the availability of state remedies. The district court concluded that appellants must seek their redress in state court, although "the City appear[s] to have treated [appellants] poorly." Littlefield v. City of Afton, No. 4-83-1003, slip op. at 7 (D.Minn. Nov. 13, 1984).
 
 
 63
 The United States Supreme Court in a very recent case has considered when a taking claim may be brought in federal court. Williamson County Regional Planning Commission v. Hamilton Bank, --- U.S. ----, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985) (Williamson ). In Williamson a land developer alleged in a Sec. 1983 action in federal court that the Williamson County Regional Planning Commission (planning commission) had taken its property without compensation after the planning commission disapproved plats proposing further development of a tract of land. The developer's predecessor in interest had received approval of a preliminary plat for development of the tract. Six years after this initial approval, the zoning ordinance was changed. It was on the basis of this later ordinance that the planning commission disapproved the plats in 1979.
 
 
 64
 The district court issued an injunction requiring the planning commission to apply the earlier ordinance and regulations to the proposed project and also held as a matter of law that the temporary deprivation did not constitute a taking. The Sixth Circuit reversed and held that government regulations affecting an owner's use of property may constitute a taking and that there was sufficient evidence to support the jury's conclusion that the property had no economically feasible use during the time between the commission's refusal to approve the plat and the jury's verdict.
 
 
 65
 The Supreme Court reversed the Sixth Circuit and held that the landowner's taking claim was premature. The Court assumed, without deciding, that the governmental regulation could effect a temporary taking for which the fifth amendment required just compensation. The Court held that the taking action was premature because the landowner had not sought a variance which was permitted under the ordinance. Id. at 3117-3119. Secondly, the Court held that the action was premature because the landowner had not sought compensation through available state procedures. The Court reasoned that no taking without just compensation had occurred because the state had not refused compensation. Id. at 3121. Under Tennessee law, a landowner could bring an inverse condemnation action to recover compensation for a taking.
 
 
 66
 Appellants' claim in the present case is also premature for the reasons stated in Williamson. In the instant case, appellants did not request a variance pursuant to Sec. 909.01 of the ordinances of the City of Afton. Although there is no requirement that a plaintiff exhaust administrative remedies before bringing a Sec. 1983 action, the decision of the administrative agency must be final. Id. at 3120. In this case, the decision is not final because appellants have not sought and been denied a variance.
 
 
 67
 Appellants also did not seek compensation from the state. Appellants argue that the decision of the Minnesota Supreme Court in McShane v. City of Faribault, 292 N.W.2d 253 (Minn.1980) (McShane ) bars an inverse condemnation action. The McShane court stated that "every regulation challenged as a taking [does not give] rise to an action for inverse condemnation. Only where the taking or damage is irreversible would an injunction against enforcement not provide an adequate remedy". Id. at 259. The Minnesota Supreme Court limits "the use of inverse condemnation to cases where an injunction would not restore plaintiffs to their original status." Id. at 260 n. 6. Our review of the court's holding in McShane convinces us that an inverse condemnation action may be available to appellants. Until the Minnesota courts have ruled that an inverse condemnation action may not be brought or denies damages in such an action, appellants' claim of taking without just compensation is not ripe for decision by a federal court. Id. at 3121-22.
 
 
 68
 We hold therefore that appellants' claim for a taking is premature because the decision of the planning commission is not final because a variance has not been sought and denied. Further the claim is premature because a constitutional violation has not occurred until compensation has been denied by the state.
 
 Amendment of Complaint
 
 69
 Appellants next argue that the district court erred in denying their motion to amend their petition. Appellants sought to amend their petition to include a denial of equal protection on the basis that the city treated them differently from other building permit applicants solely because they owned land near other parcels lacking access to a county road. The motion to amend was denied and the court dismissed the complaint without prejudice.
 
 
 70
 Fed.R.Civ.P. 15(a) provides that pleadings may be amended by leave of court and that "leave should be freely given when justice so requires. Although a motion to amend should be freely granted when justice requires, the decision whether to grant such a motion is entrusted to the discretion of the trial court." Barrett v. Independent Order of Foresters, 625 F.2d 73, 75 (5th Cir.1980). We hold that the district court did not abuse its discretion in denying appellant's motion to amend. Appellants filed their motion to amend on November 21, 1984, eight days after judgment was entered and one year after the original complaint was filed. Appellants offered no reason for the delay in requesting an amendment.Much of the value of summary judgment ... would be dissipated if a party were free to rely on one theory in an attempt to defeat a summary judgment and then, should that theory prove unsound, come back ... and fight on the basis of some other theory ... a district court does not abuse its discretion in refusing to allow amendment of pleadings to change the theory of a case if the amendment is offered after summary judgment has been granted against the party, and no valid reason is shown for the failure to present the new theory at an earlier time.
 
 
 71
 Freeman v. Continental Gin Co., 381 F.2d 459, 469-70 (5th Cir.1967); see C. Wright, A. Miller & K. Kane, Federal Practice and Procedure: Civil 2d Sec. 2712 (1983).
 
 
 72
 Accordingly, the judgment of the district court is affirmed in part and this case is remanded for further proceedings consistent with this opinion.
 
 AMENDED ORDER
 
 73
 Appellees' petition for rehearing has been considered by the court and is hereby denied.
 
 
 74
 The main thrust of the City's argument in support of its petition for rehearing is that this court misapprehended the underlying facts and decided issues which should not have been decided. The City argues that the Littlefields were denied a building permit because they failed to dedicate a portion of their land for a public right of way. The City for the first time asserts that the July 1984 letter, wherein the City required the Littlefields to convey land to adjacent landowners, was sent pursuant to earlier negotiations between the parties.
 
 
 75
 The factual allegations made by the City do not affect our holding in this case. The Littlefields, under Minnesota law, have a property interest in a building permit. Thus they must be afforded procedural due process before their application is denied. Because we determined that the Littlefields were afforded procedural due process, we need not decide whether they complied with the dedication requirement.
 
 
 76
 Concerning the substantive due process claim, we held only that the Littlefields had stated a claim. We remanded to the district court because the district court had not previously considered the substantive due process claim. The district court will determine what condition was imposed on the Littlefields and whether the condition was arbitrary and capricious or a constitutionally impermissible condition.
 
 
 
 *
 The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas, sitting by designation
 
 
 [1]
 The City of Afton is a municipality within Washington County, Minnesota. The City of Afton in 1973 adopted the "model code" which was prepared by Washington County. This Code regulates land use; several provisions are relevant to this case. Afton City, Minn., Code of Ordinance, ch. 5 (1973). These ordinances provide that all subdivisions of land must be approved by the City of Afton. In addition, the ordinance provides:
 [N]o building permit shall be issued for any structure on any land less than five (5) acres in area or having a width of less than three hundred (300) feet ... which is described by metes and bounds until a plat ... is filed.... When a conveyance by metes and bounds is made and the parcels involved are between five (5) and twenty (20) acres.... a survey shall be submitted ... before any building permits will be issued....
 Sections 909.02 and 909.03 (emphasis added).
 
 
 [2]
 The complaint stated that appellants
 [seek] injunctive and monetary damages against defendants for committing acts, under color of law, which deprived plaintiffs of rights secured by the Fifth and Fourteenth Amendments ... denial of their application was and is unlawful, arbitrary and capricious.... Defendants' denial of plaintiffs' application for a building permit constitutes a wrongful and unlawful denial of plaintiffs' right to beneficial use and occupancy of their property and therefore constitutes a taking of their property--(i) without due process of law, (ii) other than for a public purpose, and (iii) without just compensation, all in violation of the Fifth and Fourteenth Amendments....
 
 
 [3]
 The City concedes that "[u]nder Minnesota law, an applicant is entitled to a building permit only upon compliance with applicable codes and laws." Appellees' Brief, p. 7
 
 
 [4]
 Minn.Stat. Sec. 462.361 (1978) provides for judicial review of municipal actions related to land use issues. "Any person aggrieved by an ordinance, rule, regulation, decision or order of a governing body or board of adjustments and appeals acting pursuant to Sec. 462.351 may have such ordinance, rule, regulation, decision or order, reviewed by an appropriate remedy in the district court, subject to the provisions of this section." Actions for declaratory judgment, mandamus and injunctive relief are possible under this statute
 
 
 [5]
 In Minneapolis Auto Parts Co. v. City of Minneapolis, 572 F.Supp. 389 (D.Minn.1983), aff'd, 739 F.2d 408 (8th Cir.1983), the district court initially granted the motion of the City of Minneapolis for summary judgment. The district court concluded, inter alia, that plaintiffs had no protected property or liberty interests in the license and building permit and that the denial of the license and permit did not violate substantive due process. Id., 572 F.Supp. at 395. This court, without deciding the issues before it on appeal, remanded the case to the district court to allow the city the opportunity to amend its answer to assert a defense of res judicata. Id., 739 F.2d at 409. On remand, the district court concluded that Minnesota law on res judicata would preclude a subsequent action for damages by a party who prevailed in an earlier state court action for declaratory and injunctive relief. This court affirmed the district court's grant of summary judgment based on res judicata and therefore did not reach the issue of a property interest in a building permit or substantive due process based on the denial of the permit. Id. at 410
 
 
 [6]
 The Minnesota Supreme Court has held that an applicant for a permit has "the basic rights of procedural due process." Kletschka v. LeSuerer County Board of Commissioners, 277 N.W.2d 404, 405 (Minn.1979); Barton Contracting Co. v. City of Afton, 268 N.W.2d 712 (Minn.1978)
 
 
 [7]
 The State of Minnesota authorizes a municipality to acquire land for public use by two methods. Minn.Stat. Sec. 117.011 et seq (1984) authorizes a municipality to acquire land by eminent domain. The land must be for a public use and compensation must be paid. Minn. Const. art. 1, Sec. 13. The second method is set out in Minn.Stat. Sec. 462.358 (1984), which permits a municipality to require dedication of land for public use. "The regulation [of the municipality] may require that a reasonable portion of any proposed subdivision be dedicated to the public use or preserved for public use as streets, roads, sewers, ... and similar utilities and improvements." Id. The Minnesota Supreme Court has held that municipalities may only require land developers to dedicate an amount of land which reasonably relates to the increased public needs caused by the subdivision. Collis v. City of Bloomington, 310 Minn. 5, 246 N.W.2d 19, 21, 26 (1976)
 It is unclear from the City's briefs and oral arguments whether the City relies on either or both of these statutory provisions as authority to require appellants to make a conveyance of a portion of their land. In a July 1984 letter to appellants, the City indicated that appellants must convey to "Mr. and Mrs. Baker and Mr. and Mrs. Fritz the additional public right of way." At oral argument the City indicated that the conveyance was to be to the City. The City also stated at oral argument that appellants will receive compensation from Baker and Fritz and that the amount of the compensation will be "negotiated" by appellants and Baker and Fritz. These latter statements are inconsistent with either eminent domain or dedication. Eminent domain requires that the taking be for a public purpose and that the governmental entity pay compensation for the land. Dedication likewise requires a public use for the land but compensation is not required.
 
 
 [8]
 The City has not clearly and consistently stated the reason for not granting a building permit to appellants. The City's letter of July 10, 1984, to appellants states that "the city now stands willing and ready to grant you a building permit once you have conveyed to Mr. and Mrs. Baker and Mr. and Mrs. Fritz the additional public right of way."
 On October 5, 1984, the City stated to the district court: "Regarding the platting question, I don't believe we state ... in our brief, that it's necessary the land has to be platted at this time. I think that was in a general discussion of the area." The City in its brief on appeal argues that appellants failed to comply with the subdivision ordinances but does not specify the particular requirement which is not met. The City, however, cites numerous cases upholding the platting requirement as a pre-condition to the granting of a building permit. The inference which is drawn from the City's brief is that appellants have failed to comply with the platting requirement.
 On oral argument, the City concedes however that platting is not required. The City further concedes that appellants' land complies with the ordinance but argues that conveyances have resulted in an illegal subdivision. The City contends that approval of the subdivision, a prerequisite to the issuance of a building permit, was denied because the conveyance resulted in the Baker-Fritz property being landlocked.
 Appellants argue that the Baker-Fritz property is not landlocked because it has access to another road and that the conveyance of their land did not change the access of the Baker-Fritz property to the roads. Appellants further argue that the City may not require dedication of their property because no additional public needs arise as a result of their proposed use of their land.
 
 
 [9]
 [E]ven though a person has no "right" to a valuable government benefit and even though the government may deny him the benefit for any number of reasons, there are some reasons upon which the government may not rely. It may not deny a benefit to a person on a basis that infringes his constitutionally protected interests.... Such interference with constitutional rights is impermissible
 Perry v. Sinderman, 408 U.S. 593, 597, 92 S.Ct. 2694, 2697, 33 L.Ed.2d 570 (1972); see Bynum v. Schiro, 219 F.Supp. 204, 210 (E.D.La.1963), (NAACP's license to use City auditorium unconstitutionally conditioned on comments compatible with segregation), aff'd, 375 U.S. 395, 84 S.Ct. 452, 11 L.Ed.2d 412 (1964).