UNITED STATES of America and John Elliott, Revenue Officer, Internal Revenue Service, Petitioners,

v.

Lars M. GIERTZ, Respondent.

No. 86–8680–CIV.

United States District Court, S.D. Florida, Civil Division.

Jan. 5, 1987.

Robert A. Rosenberg, Asst. U.S. Atty., Miami, Fla., for petitioners.

Lars M. Giertz, pro se.

## ORDER DENYING PETITION TO ENFORCE SUMMONS AND DIRECTING CLERK TO CLOSE CASE

EDWARD B. DAVIS, District Judge.

THIS MATTER is before the Court *sua sponte.* On November 20, 1986, this Court issued an Order requiring Respondent, LARS M. GIERTZ, to appear before Revenue Officer JOHN ELLIOTT on December 31, 1986, and to produce the books, papers, records, or other data pertaining to him for the tax year 1983 described in a summons allegedly served upon GIERTZ on June 17, 1986. In that Order, the Court further stated that should GIERTZ fail to produce such records as specified, then he would have to appear before this Court on January 6, 1986 and show cause why he should not be compelled to appear, testify, and produce certain documents as hereinbefore described. On December 31, 1986, GIERTZ failed to appear before Revenue Officer ELLIOTT.

This Court, upon reconsideration of the Petition and averments made therein, finds the initial service of the IRS Summons upon Respondent to have been constitutionally infirm. Based on this determination, it is

ORDERED AND ADJUDGED that the Petition to Enforce the Internal Revenue Summons be, and the same is, hereby DENIED.

### FACTS

Petitioner JOHN ELLIOT is a Revenue Officer employed by the Collection Division of the District Director of the Internal Revenue Service. The Revenue Officer is conducting an investigation into the tax liability of the Respondent, LARS M. GIERTZ for the tax year of 1983. On May 23, 1986, an Internal Revenue Summons was issued, directing GIERTZ to appear before Revenue Officer ELLIOT on June 30, 1986. Petitioners attest that this summons was left at the "last and usual place of abode" of the Respondent pursuant to 26 U.S.C. Section 7603. This section states a "summons ... shall be served ... by an attested copy

delivered in hand to the person to whom it is directed, or left at his last and usual place of abode."

A Certificate of Service was signed by the Revenue Officer indicating that the summons was delivered on June 17, 1986. This certificate provides for two possible methods of service. One box on the certificate form is checked if the summoned party is served in person. The other box is checked if the party is not at his residence. Next to this box is the following statement: "I left an attested copy of the summons at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person (if any)." Two lines are provided to write in the name of the person who received the summons in lieu of the summoned party. This second box was checked by Revenue Officer ELLIOTT but no individual's name was listed in the space provided. Whether this omission was by negligent oversight or intentional [1], this procedure, merely depositing the summons at a residence, fails to comport with due process of law within the meaning of the fifth amendment.[2]

## ANALYSIS OF LAW

The service of the summons in this case falls short of that which is required by due process of law. Due process consists of two components; notice and opportunity to be heard. *Mullane v. Central Hanover Bank & Trust*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). In *Mullane*, the Supreme Court stated an "elementary and fundamental requirement of due process ... is notice reasonably calculated under the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 314, 70 S.Ct. at 657. Process which is a "mere gesture" is not due process. *Id.* at 315, 70 S.Ct. at 657. "The right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default." *Id.* at 314, 70 S.Ct. at 657; *cf. Dirt, Inc. v. Mobile County Commission*, 739 F.2d 1562 (11thCir.1984).

In *Greene v. Lindsey*, 456 U.S. 444, 102 S.Ct. 1874, 72 L.Ed.2d 249 (1982), the Supreme Court held that the mere posting on a door of notice of a forcible entry and detainer action did not satisfy minimum standards of due process. The notices were "not infrequently removed by children or other tenants before they could have their intended effect." *Id.* 454, 102 S.Ct. at 1880. Notice by posting was held to be not a reliable method of apprising interested parties that "their rights ... [were] before the court." *Id.*

The very same possibility of a summons being removed by children or other persons is present in this case. The procedure employed by the I.R.S. Officer, depositing the summons at the last known abode, easily could result in removal without interested parties being informed that "their rights are before the court."

Rule 4(d)(1) of the Federal Rules of Civil Procedure provides that service of process is effected "upon an individual ... by delivering a copy of the summons and of the complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion residing therein." A summons may also be served by mail in accordance with Rule 4(c)(2)(C)(ii). Leaving the summons with a person of suitable age and discretion or service by mail are constitutionally permissible alternatives to personal service under the *Mullane* standard. These substitutes for personal service are reasonably calculated to apprise the summoned party that an action is pending.

---

1. The facts in this case do not indicate whether there was any attempt by the Revenue Officer to place the summons into the hands of a reliable surrogate for the summoned party, LARS M. GIERTZ.

2. This Court does not pass judgment on the constitutionality of Section 7603 but rather holds that, under these circumstances, this Section fails to meet the constitutional requirements of due process of law.

Section 7603, however, does not provide for service by mail. The only alternative for personal service is a summons left at the "last and usual place of abode."

■ As is evident from discussion hereinabove, Section 7603 is less permissive than Fed.R.Civ.P. 4(d)(1). The narrowed scope of Section 7603 reveals a Congressional intent to allow only methods of service that will more likely guarantee that the summoned party will be informed that an IRS summons has been issued. Therefore, if an IRS Officer elects to forego personal service and chooses to effect service by leaving an attested copy of an IRS Summons at an individual's "last and usual place of abode," then such summons must be left "with some person of suitable age and discretion." The limited exception to personal service in Section 7603 requires the implicit addition of these words in order to bring this statute within the strictures of *Mullane.*

■ Leaving a summons at a party's "last and usual place of abode" without more is a "mere gesture" process. This Court finds that such a procedure is not reasonably calculated to apprise an individual of the fact that his attendance is required at the office of an I.R.S. Officer.

Therefore, the Petition of the UNITED STATES OF AMERICA and JOHN ELLIOTT to enforce the I.R.S. Summons is hereby DENIED without prejudice and with leave to refile in the event Respondent is subsequently served in compliance with Section 7603 and this Court's Order.

This Court further directs, in light of the above disposition of this Petition, that the Clerk of Court close the District Court file in this matter.