813 F.2d 1228
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Stanley SMITH, Plaintiff-Appellant,
v.
Leo J. CANTOR, individually and in his official capacity as
Commissioner of Buildings of Richmond, Virginia,
Defendant-Appellee.
Stanley SMITH, Plaintiff-Appellant,
v.
Leo J. CANTOR, individually and in his official capacity as
Commissioner of Buildings of Richmond, Virginia,
Defendant-Appellee.
 Nos. 86-1582, 86-1603.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 21, 1987.
Decided March 9, 1987.
 
 Before HALL, SPROUSE and ERVIN, Circuit Judges.
 Gary Raymond Hershner, Hutchens & Associates, on brief, for appellant.
 Stanley Knight Joynes, III, Rilee, Cantor, Arkema & Edmonds; William Joe Hoppe, Senior Assistant City Attorney, City of Richmond--City Attorney's Office, on brief, for appellee.
 PER CURIAM:
 
 
 1
 Stanley Smith, Jr., filed a 42 U.S.C. Sec. 1983 civil rights suit against Leo Cantor, former commissioner of Buildings for the City of Richmond, Virginia, alleging that Cantor deprived him of property without due process. The complaint also alleged that Cantor denied him equal protection. Smith also requested that the district court exercise pendent jurisdiction over his state law claims of defamation and tortious interference with contractual relations.
 
 
 2
 Smith attempted to obtain from Cantor a certificate of occupancy for rental property Smith owns in the City of Richmond. First, Cantor denied the certificate because of allegedly insufficient wiring. According to Smith, the wiring had earlier been informally approved by another inspector. Next, Cantor refused to grant the certificate without architectural drawings, which Smith alleges are not required as a matter of course. The certificate was again denied because the furnace was not encased in sheetrock and equipped with automatic closing doors. Smith complied with that requirement. Cantor next ordered Smith to attach sheetrock to the first floor French doors. Smith refused to comply, complaining that the request was unreasonable because the action would eliminate the natural lighting and destroy the architectural integrity -of the building. When the certificate of occupancy was denied, this suit ensued.
 
 
 3
 The district court dismissed Smith's suit for failure to state a claim. Before the district court, Smith conceded that the deprivation he alleged resulted from arbitrary acts by Cantor rather than from established state procedure. Focusing on Smith's failure to establish the inadequacy of state remedies, the district court concluded that he had not established a due process deprivation. In addition, the district court, finding the suit frivolous, awarded attorney's fees to the defendant pursuant to 42 U.S.C. Sec. 1988. Christiansburg Garment Co v. EEOC, 434 U.S. 412, 422 (1978).
 
 
 4
 Smith appeals the district court judgment. He propounds three theories on appeal. First, he argues that Cantor's arbitrary action depriving him of a constitutionally protected property right violated substantive due process. The availability of adequate post-deprivation remedies is therefore irrelevant, except if one additionally attempts to establish a procedural due process deprivation. Second, different treatment by Cantor of similarly situated individuals violated equal protection. The third argument, a corollary of the first, states that the district court erred in ruling that the availability of post-deprivation remedies precluded Smith's claim.
 
 
 5
 The Eighth Circuit has held that an allegation of an arbitrary denial of a building permit in which the plaintiff has a property right may state a claim of substantive due process. Littlefield v. City of Afton, 785 F.2d 596, 607 (8th Cir. 1986). That court remanded for a determination whether the denial was arbitrary. In this case, the issue of whether Smith has a constitutionally protected interest in the certificate of occupancy was not addressed in the district court. Even assuming such an interest exists, however, Smith has not shown that the decision to deny the certificate of occupancy was irrational or lacking a relationship to the state's role in protecting the health, safety and welfare of its citizens.
 
 
 6
 Since Smith failed to show that Cantor's actions deprived him of substantive due process, we look to see if he has shown a deprivation of procedural due process. If a state provides an adequate post-deprivation remedy for random, unauthorized action taken by one of its employees, a procedural due process claim will fail. Hudson v. Palmer, 468 U.S. 517 (1984); Parratt v. Taylor, 451 U.S. 527 (1981). The plaintiff bears the burden of proving the inadequacy of the available state remedies. Yates v. Jamison, 782 F.2d 1182, 1187-88 (4th Cir. 1986). Smith did not avail himself of the available state remedies under Virginia law. Nor did he explain why such remedies would fail to adequately redress his injuries. Thus, he has failed to show a violation of procedural due process. Yates v. Jamison, supra.
 
 
 7
 Additionally, we find no error in the district court's dismissal of the equal protection claim. Smith did not plead sufficient facts to establish that other properties were not required to comply with the regulations enforced against him.
 
 
 8
 On appeal, Smith challenges the propriety of the attorney's fee award to the defendant. Cantor requests this Court to. award attorney's fees for the cost of the appeal. American courts award attorney's fees to prevailing parties in a limited number of situations. See, e.g., Fed. R. Civ. P. 11; 28 U.S.C. Sec. 1912. Prevailing defendants in a civil rights case may receive an attorney's fee award "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Christiansburg Garment Co. v. EEOC, supra, at 421. The district court, finding that this case fell within that ambit, awarded attorney's fees to the defendant. We find no abuse of discretion in such an award. The district court considered and discussed the appropriate factors adopted in Barber v. Kimbrell's, Inc., 577 F.2d 216 (4th Cir.), cert. denied, 439 U.S. 934 (1978), to govern the award of fees. In addition, the district court did not award attorney's fees for the time spent addressing the state law claims.
 
 
 9
 We decline to award fees on appeal. The law is sufficiently complicated that we do not find the appeal frivolous. Fed. R. App. P. 38. Nor do we find that the appeal was filed in bad faith or to delay the proceedings. 28 U.S.C. Sec. 1982.
 
 
 10
 We dispense with oral argument in this case because the facts and legal contentions are adequately developed in the materials before the Court and argument would not aid the decisional process. Fed. R. App. P. 34(a). We grant appellee's motion for summary affirmance but deny his motion for attorney's fees for this appeal. The orders of the district court dismissing the complaint and awarding attorney's fees for the action below are affirmed.
 
 
 11
 AFFIRMED.