**Harold NELSON, Plaintiff,**

**v.**

**BELLE FOURCHE IRRIGATION DISTRICT; Duane Odle, individually and official capacity as a board member; Walter Stumpf, individually and official capacity as a board member; Arthur Persche, individually and official capacity as a board member; Robert Ruff, individually and official capacity as a board member; Harlan Palo, individually and official capacity as a board member; Darrel D. Cox, individually and official capacity as a board member; Merle Smith, individually and official capacity as a board member; and James Winterton, individually and official capacity as Manager, Defendants.**

Civ. No. 93–5068.

United States District Court,
D. South Dakota, W.D.

March 8, 1994.

Jerry C. Rachetto, Mattson & Rachetto, Deadwood, SD, for plaintiff.

Brad A. Schreiber, Quinn, Eiesland, Day & Barker, Belle Fourche, SD, for defendants.

### MEMORANDUM OPINION GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT UNDER RULE 56

BATTEY, District Judge.

### NATURE AND PROCEDURAL HISTORY

Plaintiff filed this action on June 22, 1993. In his amended complaint (Docket # 32) plaintiff alleges that he is entitled to relief pursuant to the first, fourth, and fourteenth amendments to the United States Constitution and sections 1983 and 1985 of Title 42, United States Code. Further, plaintiff alleges that defendants' failure to provide him

with irrigation water deprived him of constitutionally protected property right in violation of his substantive due process rights under color of state law.[1] Defendants filed a motion to dismiss the complaint on November 1, 1993. The Court converted that motion to a motion for summary judgment on December 10, 1993, and ordered additional briefing by the parties. The parties have submitted their additional briefs pursuant to the Court's order and the matter is now before the Court for resolution of the summary judgment motion.

## FACTS

The facts necessary for consideration of this motion are uncontroverted. Plaintiff Harold Nelson is a Newell, South Dakota, rancher who is and has been a member of the Belle Fourche Irrigation District since 1947. The defendants include the Belle Fourche Irrigation District, the members of its board of directors, and the project manager for the irrigation district.[2]

Plaintiff owns farm land on the north canal of the irrigation district and in the years 1990, 1991, and 1992 he ordered specific quantities of water from the irrigation district for purposes of irrigating his land. In each of the above mentioned years, plaintiff received only a portion of the water he ordered. Consequently, plaintiff was unable to irrigate some or all of his crops during those periods when he did not receive water as ordered. As a result, plaintiff allegedly suffered crop losses and related costs in each of these three years. Plaintiff now seeks compensation under section 1983 for those losses.

## SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that [he] is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting*

*Sys., Inc.*, 368 U.S. 464, 467, 82 S.Ct. 486, 7 L.Ed.2d 458, 488 (1962). In determining whether summary judgment should issue, the facts and inferences from those facts are viewed in the light most favorable to the nonmoving party and the burden is placed on the moving party to establish both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–90, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings, but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists.

■ In determining whether a genuine issue of material fact exists, the Court views the evidence presented based upon which party has the burden of proof under the underlying substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). Recently, the Supreme Court noted that "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986). The nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts," *Matsushita*, 475 U.S. at 586, 106 S.Ct. at 1356, and "[w]here the record as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.*

The trilogy of *Celotex, Anderson,* and *Matsushita* provide the Court with a methodology in analyzing defendants' motion. Under this trilogy, it is incumbent upon the plaintiff, based upon the showing set forth by the

---

1. It is not at all clear from plaintiff's amended complaint which form of due process violation he is asserting. However, the Court assumes that since plaintiff made no argument that he was entitled to notice and an opportunity to be heard before receiving less than the full amount of irrigation water ordered, plaintiff must be alleging a violation of his substantive due process rights.

2. The entire group of defendants will be referred to as "the irrigation district" hereafter.

defendants, to establish significant probative evidence to prevent summary judgment. *See Terry A. Lambert Plumbing, Inc. v. Western Sec. Bank,* 934 F.2d 976, 979 (8th Cir.1991).

## DISCUSSION

Defendants assert two arguments in support of their motion for summary judgment. First, they argue that plaintiff's section 1983 action is not proper in this instance because he has not exhausted his state remedies so as to allow prosecution of his federal claim. Second, defendants argue that even if exhaustion is not required, plaintiff's claim must fail as he does not have a federally protected property right in receiving or using irrigation water. The Court will address these arguments in the order they were presented by the defendants.

### A. Exhaustion of State Remedies

■ Defendants rely on SDCL 46–10–2 for the proposition that the South Dakota state circuit court has exclusive jurisdiction to hear and determine all questions concerning the adjudication of water rights within the state. SDCL 46–10–2 provides in pertinent part:

> The court in which any action involving the general adjudication of water rights of rights to use water may be properly brought, shall have exclusive jurisdiction to hear and determine all questions necessary for the adjudication of all water rights and the rights to use water within the river system and all other sources involved; ...

While it is true that the South Dakota Supreme Court has held that this section places jurisdiction in the state trial court to hear and determine questions necessary for adjudication of water rights and that the statute is designed to afford the litigant adequate and complete relief,[3] the statute does not preclude plaintiff's federal action in this case.

■ In his amended complaint, plaintiff alleges that the irrigation district's failure to provide him with the full amount of water ordered in 1990 through 1992 constituted a constitutional taking of his property. This allegation of a substantive due process viola-

tion by the defendants is different from the "adjudication of water rights and the right to use water." The claim of denial of due process of law is not foreclosed by the availability of either administrative or state remedial measures.

Plaintiff is alleging a denial of a due process property right which was complete when the irrigation district arbitrarily failed to provide him water.

### B. Plaintiff's Property Right in Water

■ The above discussion assumed for purposes of analysis that plaintiff had a protected property right to irrigation water in this case under South Dakota law. To recover under section 1983, plaintiff must show that he was deprived of a federally protected right, privilege or immunity as a result of the actions of persons acting under color of state law. *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 576–78, 92 S.Ct. 2701, 2708–10, 33 L.Ed.2d 548 (1972); *Littlefield v. City of Afton,* 785 F.2d 596, 600 (8th Cir. 1986). As the Eighth Circuit has noted:

> Property interests are created and their dimensions defined by existing rules or understandings that stem from an independent source, such as state law, rules or understandings that support claims of entitlement to certain benefits. A legitimate claim of entitlement can arise from procedures established in statutes or regulations adopted by states or political subdivisions.

*Littlefield,* 785 F.2d at 600 (citations omitted). Therefore, the Court must look to the law of South Dakota to determine whether plaintiff has a protected property right in irrigation water. .

Initially, the Court notes that the cases cited by plaintiff supporting his contention that a property right exists are not applicable in this situation. Plaintiff cites several cases found in the annotations to section 372 of Title 43 of the United States Code for the proposition that the Reclamation Act provides him with some property right in irrigation water. Plaintiff's reliance on these two cases is misplaced. First, each of the cases is from outside the Court's jurisdiction and

---

**3.** *Belle Fourche Irrigation District v. Smiley,* 84     S.D. 701, 176 N.W.2d 239 (1970).

the state of South Dakota. As such, each is based upon an interpretation of different state water laws not applicable in this case. Second, 43 U.S.C.A. § 383 explicitly provides for the application of South Dakota law for resolving the questions presented by this action:

> Nothing in this Act shall be construed as affecting or intended to affect or to in any way interfere with the laws of any State or Territory relating to the control, appropriation, use, or distribution of water used in irrigation, or any vested right acquired thereunder, and the Secretary of the Interior, in carrying out the provisions of this Act, shall proceed in conformity with such laws, and nothing herein shall in any way affect any right of any State or of the Federal Government or of any landowner, appropriator, or user of water in, to, or from any interstate stream or the waters thereof.

The only other support plaintiff cites in an attempt to secure some property right in irrigation water is SDCL 46–5–34.[4] However, plaintiff's reliance on this section is also misplaced. SDCL 46–5–34 provides that irrigation water is appurtenant to land upon which it is used, but in situations where a landowner has obtained a permit from the Water Management Board to irrigate, the water may be severed from the land and become appurtenant to other land upon approval of an amended permit. Here, plaintiff has no such permit as he is a member of an irrigation district and his irrigation rights are governed by the rules and procedures provided for by the district's board of directors. *See* SDCL 46A–5–1 and 46A–5–25. Moreover, whether or not the water he uses to irrigate is appurtenant to his land is not determinative of his property interest therein.

As previously stated, plaintiff's right to irrigation water, if he has one, must be de-rived from South Dakota law. The waters within this state are the property of the people and the right to the use of them may only be acquired by appropriation under the laws of the state. SDCL 46–1–3. The Water Management Board is authorized to regulate and control the development, conservation, and allocation of the right to South Dakota's waters. *See* SDCL ch. 46–1; SDCL 46–2–9; 46–2–11. Pursuant to article XXI, § 7 of the South Dakota Constitution, the legislature was vested with the power to provide for the organization of irrigation districts for the irrigation of agricultural lands within the state. Accordingly, the predecessors to SDCL chapters 46A–4, 46A–5, and 46A–7 were passed and the defendant irrigation district was formed thereunder.

As the Court views plaintiff's rights in this matter, he can only obtain a right to receive irrigation water from one of three sources. First, plaintiff may have vested rights in water that was used by himself or the prior owners of his land predating 1955 or the formation of the irrigation district in the early part of this century. However, plaintiff has not alleged any such vested rights nor does he seek recovery in this action based upon any such argument. Furthermore, resolution of this question involves a determination of water rights between plaintiff and defendant which is a determination to be made by the Water Management Board and/or the South Dakota state circuit court under SDCL 46–10–2.

The second source for a right to receive and use irrigation water would stem from any such rights plaintiff received under a specific contract between himself and the irrigation district. However, plaintiff has not asserted that any such contract exists, nor has he claimed any entitlement to water under any such contract. Similarly, the Court's review of the record, including plaintiff's deposition (Docket # 41), indicates that no such

---

4. **46–4–34 Irrigation rights appurtenant to land—Amendment of permit required for severance and transfer.** All water used in this state for irrigation purposes shall remain appurtenant to the land upon which it is used. However, if for any reason it should become impracticable to use all or any part of the water beneficially or economically for irrigation of any land to which the right of its use is appurtenant, all or any part of the right may be severed from the land and simultaneously transferred and become appurtenant to other land without losing priority of right previously established, subject to existing rights, upon approval of an application for an amended permit. No increase in total acres irrigated may be allowed under this section.

contract existed. Therefore, plaintiff is foreclosed from seeking a property right from this source.

■ The final source of a right to receive and use irrigation water for plaintiff would be his rights pursuant to the bylaws and regulations of the irrigation district itself. Under SDCL 46A–4–48, the irrigation district's board of directors has the power and duty "to manage and conduct the business affairs of the district, make and execute all necessary contracts, employ such agents, officers and employees as may be required and prescribe their duties, adopt a seal for such district, establish equitable bylaws, rules, and regulations for the distribution and use of water, and generally to perform all such acts as shall be necessary to carry out fully the purposes of this chapter and chapters 46A–5 to 46A–7, inclusive." As a member and elector of the irrigation district, plaintiff is bound by the district board's bylaws, rules and regulations which dictate the conditions under which plaintiff has a right to receive and use water. See Jewett v. Redwater Irrigating Ass'n, 88 S.D. 390, 220 N.W.2d 834, 836–37 (1974).

This final limitation on a source for the right to receive and use irrigation water is consistent with the limited case law forming the history of water law in South Dakota. The leading case in this area is Butte County v. Lovinger, 64 S.D. 200, 266 N.W. 127 (1936). In Lovinger, the defendant owned irrigated land and fifty shares of stock in a mutual irrigation company. After losing his land in a foreclosure action, the defendant refused to turn over the shares of stock to the new purchaser. The purchaser sued, arguing that the shares represented ownership of water which was appurtenant to the land irrigated and must pass with title to the land. The defendant argued that the shares were personal property held apart from the land. In accepting the defendant's argument, the South Dakota Supreme Court adopted the "possessory basis" theory of the right of appropriation, determining that the water right was vested in those who actually located the right or originally diverted the water's flow as distinguished from the eventual users of the water. Id. 266 N.W. at 132.

Accordingly, the court found that the irrigation district to which the defendant belonged or held shares in possessed the actual property right in the water subject only to regulation under state law. Id.

This theory of appropriation was reaffirmed by the South Dakota court in Jewett v. Redwater Irrigating Association, 88 S.D. 390, 220 N.W.2d 834 (1974). Jewett involved a dispute over water rights between a group of landowners and an irrigation district. The landowners alleged rights to irrigation water that was appurtenant to their land. The irrigation district refused to recognize the plaintiffs' alleged rights asserting that it held the water right to the water and therefore its rules and regulations governed the provision and distribution of such waters. The Supreme Court found that the irrigation district had vested rights in the irrigation water that were unaffected by the Reclamation Act and not appurtenant to the land of the landowners unless expressly provided as such by the district's bylaws. Id. 220 N.W.2d at 838–39.

Both of these cases indicate that the law of South Dakota on appropriation and application of irrigation water to beneficial use is determinative of water rights within this state. Under the theory of appropriation used by the court in each case, the irrigation district would possess the right to the water as they were the party to actually divert the flow of the stream for irrigation purposes. See Lovinger, 266 N.W. at 132; Jewett, 220 N.W.2d at 838–39. Then, SDCL ch. 46A–5 regulates how the irrigation district is to control and distribute the water. As a member of the district, plaintiff falls under this control and has no constitutional right to receive and use irrigation water. Plaintiff's right to irrigation water in this case is derived from his membership in and compliance with the regulations of the irrigation district. See id.; SDCL ch. 46A–4, 46A–5, 46A–7.

In light of the above discussion, none of the sources for plaintiff's possible right to receive and use irrigation water provides him with a "federally protected right, privilege or immunity." Therefore, one of the essential elements required to maintain his section 1983 action is missing and this cause must be

dismissed. *See Roth,* 408 U.S. at 574, 92 S.Ct. at 2708.

Finally, the Court will briefly address one final issue raised in plaintiff's responsive brief concerning this motion. Plaintiff argues that his action is properly characterized as one for inverse condemnation. Plaintiff's Response Brief p. 6. He asserts that the defendants' failure to provide him water denied him the ability to raise crops on his land which constituted a restriction of the use and general enjoyment of his property thereby giving rise to a cause of action for inverse condemnation. This argument is without merit for two reasons.

First, plaintiff's contention assumes he has a property right to the irrigation water adjacent to his land. As discussed above, the Court has concluded that no such right exists. Therefore, since defendants had no constitutional duty to deliver irrigation water, they cannot be held liable for any resulting damages for such inaction in the present case. Second, even if plaintiff had asserted a claim for inverse condemnation, the Supreme Court has clearly held that state procedures which permit a property owner to obtain just compensation must be utilized before bringing a section 1983 claim. *Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City,* 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). As discussed above, plaintiff has not availed himself of any administrative or state remedies.

Accordingly, the defendants' motion for summary judgment (Docket # 38) is granted. A judgment consistent with this opinion shall issue forthwith.