59 F.3d 735
 48 Soc.Sec.Rep.Ser. 370, Medicare & Medicaid Guide
P 43,434
NORTH MEMORIAL MEDICAL CENTER; University of Minnesota
Hospital and Clinic; Cannon Falls Community
Hospital; Canby Community Health
Services, Plaintiffs-Appellants,
v.
Maria GOMEZ, Commissioner of the Minnesota Department of
Human Services, Defendant-Appellee.
 No. 94-2119.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 12, 1994.
Decided June 30, 1995.
 
 Kent G. Harbison, of Minneapolis, MN, argued, for appellants.
 Kim Buechel Mesun, St. Paul, MN, for appellee.
 Before McMILLIAN, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and SHAW,* District Judge.
 JOHN R. GIBSON, Senior Circuit Judge.
 
 
 1
 North Memorial Medical Center, University of Minnesota Hospital and Clinic, Cannon Falls Community Hospital, and Canby Community Health Services, appeal from the district court's[1] entry of summary judgment in favor of Maria Gomez, Commissioner of the Minnesota Department of Human Services. The Hospitals sought a declaration that the Department interpreted a 1989 amendment to Minn.Stat. Sec. 256.9695(1)(b) (1994) in violation of the Boren Amendment, 42 U.S.C. Sec. 1396a(a)(13)(A) (Supp. V 1993), the regulation that effectuates the Boren Amendment, 42 C.F.R. Sec. 447.253(a) and (e) (1994), and the due process clause of the Fourteenth Amendment to the United States Constitution. We affirm the judgment of the district court.
 
 
 2
 The Hospitals are participants in Minnesota's Medicaid program. Medicaid is a joint federal-state program providing medical services, including in-patient hospital care, to needy persons. The Hospitals are paid according to a payment rate which the Department sets. There are several types of rate determination appeals which are described in detail in the district court's opinion. North Memorial Medical Ctr. v. Steffen, Civ. No. 4-92-706, slip op. at 2-3 (D.Minn. Apr. 4, 1994). We need concern ourselves only with the "case-mix" appeal which is at issue in the present case. The purpose of a "case-mix" appeal, which may be filed at the end of a rate-year, is to review the adequacy of the current year's payment rate. This is accomplished by calculating the difference in the mix of Medicaid patients served during the current rate year as compared with the mix of Medicaid patients served during the 1981 base year.
 
 
 3
 Before August 1, 1989, there were no deadlines for the filing of "case-mix" appeals, and generally the Hospitals waited for the Department to issue settle-up notices for a given rate year before submitting a case-mix appeal. The settle-up notices contained the information the Hospitals needed to file their case-mix appeals. Although the Hospitals admit that they could have compiled the information contained in the settle-up notices themselves, because the process was time consuming and there were no deadlines, the Hospitals typically waited until they received the settle-up notices before filing their appeals.[2] Often the Department would not send settle-up notices until several years after the end of a rate year.
 
 
 4
 On June 1, 1989, the Minnesota Legislature amended the Medicaid program and enacted Minn.Stat. Sec. 256.9695(1)(b) (Supp.1989), which required that all case-mix appeals be filed with the commissioner within 60 days of the end of the rate year.[3] The Department interpreted this new statute to mean that all appeals filed after its effective date, August 1, 1989, must comply with the 60-day deadline, including appeals that related to rate years before 1989.
 
 
 5
 The district court entered summary judgment in favor of the Department, rejecting each of the four arguments asserted by the Hospitals. Slip op. at 16. First, the district court rejected the Hospitals' argument that the Department was applying the statute retroactively in violation of Minn.Stat. Sec. 645.21 (1994). The court concluded that because the Eleventh Amendment barred consideration of this issue, it lacked subject matter jurisdiction. Slip op. at 6-8.
 
 
 6
 Second, the district court rejected the Hospitals' argument that the Department's application of the statute violated the Boren Amendment, 42 U.S.C. Sec. 1396a(a)(13)(A), which requires that state Medicaid plans provide reasonable and adequate payment for hospital services. Id. at 8-10. The district court reasoned that the Hospitals had several years in which to file their appeals, but did not do so, and that after the passage of the statute in 1989, there was an additional 60-day window period before the statute became effective in which the Hospitals could have filed their appeals. Id. at 10.
 
 
 7
 Third, the district court rejected the Hospitals' argument that the Department's application of the deadline violated 42 C.F.R. Sec. 447.253(a) and (e), a regulation promulgated under the Boren Amendment. The regulation requires that Medicaid agencies provide Medicaid providers with an appeals procedure. The district court concluded that the Hospitals had not been deprived of an opportunity to appeal, but had failed to exercise their right to appeal within the prescribed time limits. Slip op. at 11. The district court reasoned that the Hospitals "are sophisticated players in the healthcare industry," who "should have been aware of the passage of the appeals statute, and taken steps to protect their interests." Id. at 12.
 
 
 8
 Finally, the district court rejected the Hospitals' argument that the Department's interpretation of the statute eliminated their vested property right to file "case-mix" appeals for the years ending in or before 1989 without notice and, therefore, violated their right to due process. Slip op. at 12-16. The district court concluded that the Hospitals had an obligation to "stay abreast of changes in the law that affected them, and to request written clarification of policy interpretation" and, therefore, received sufficient notice of the change in the appeals deadline. Id. at 15-16.
 
 
 9
 On appeal, the Hospitals do not challenge the district court's dismissal of their Minn.Stat. Sec. 645.21 claim, but otherwise reassert the arguments which the district judge dealt with so capably.
 
 
 10
 We review a district court's grant of summary judgment de novo, and apply the same standards used by the district court. Langley v. Allstate Ins. Co., 995 F.2d 841, 844 (8th Cir.1993). Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986).
 
 I.
 
 11
 The Hospitals contend that the Department's refusal to allow appeals for rate years ending prior to 1989 violates the Boren Amendment, which provides:
 
 A state plan for medical assistance must
 
 12
 (13) provide--
 
 
 13
 (A) For payment of the hospitals services ... which the State finds, and makes assurances satisfactory to the Secretary, are reasonable and adequate to meet the costs which must be incurred by efficiently and economically operated facilities in order to provide care and services in conformity with applicable State and Federal laws, regulations, and quality and safety standards and to assure that individuals eligible for medical assistance have reasonable access ... to inpatient hospital services of adequate quality ...
 
 
 14
 42 U.S.C. Sec. 1396a(a)(13)(A). The Hospitals argue that by refusing "case-mix" appeals for rate years before the deadline became effective, the Department is failing to comply with the Boren Amendment's requirement that it provide Medicaid providers with reasonable and adequate payment for their services.
 
 
 15
 The Hospitals' reliance on the Boren Amendment is misplaced. The Boren Amendment was designed to assure that state reimbursement rates remained reasonable, and to afford states greater flexibility to adopt " 'reimbursement methodologies' " that would " 'promote the efficient and economical delivery of [medical] services.' " Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 506, 110 S.Ct. 2510, 2515-16, 110 L.Ed.2d 455 (quoting H.R.Rep. No. 97-158, 97th Cong., 1st Sess., Vol. 2, at 293 (1981)). The Hospitals do not contend that the Department's adoption of a 60-day appeals period is unreasonable or results in a system of payment which is inherently inadequate. Rather, the Hospitals contend that the Department's application of the 60-day appeals period as a bar to pre-1989 appeals resulted in inadequate payment. The Department may place reasonable deadlines upon appeals without running afoul of the Boren Amendment. The 60-day appeals deadline which the Department imposed was reasonable. The Hospitals had sufficient time in which to file appeals before the statute was enacted,[4] but failed to do so. After the legislature enacted Minn.Stat. Sec. 256.9596(1)(b), the Hospitals failed to take advantage of an additional 60-day period before the deadline became effective in which they could have filed their pre-1989 appeals. The Hospitals' failure to comply with the applicable deadline does not make the Department's payment system unreasonable or inadequate. If the Hospitals failed to receive adequate payment as a result of the Department's denial of their appeals, they have no one to blame but themselves.
 
 II.
 
 16
 Next, the Hospitals argue that the Department's interpretation of Minn.Stat. Sec. 256.9695(1)(b) violated 42 C.F.R. Sec. 447.253(a) and (e), which was promulgated under the Boren Amendment and provides that:
 
 
 17
 (a) State Assurances. In order to receive [Health Care Financing Administration] approval of a State plan change in payment methods and standards, the Medicaid agency must make assurances satisfactory to HCFA that the requirements set forth in paragraphs (b) through (i) of this section are being met, must submit the related information required by Sec. 447.255 of this subpart, and must comply with all other requirements of this subpart.
 
 
 18
 . . . . .
 
 
 19
 (e) Provider Appeals. The Medicaid agency must provide an appeals or exception procedure that allows individual providers an opportunity to submit additional evidence and receive prompt administrative review, with respect to such issues as the agency determines appropriate, of payment rates.
 
 
 20
 42 C.F.R. Sec. 447.253(a), (e). The Hospitals assert that the Department's interpretation of Sec. 256.9695(1)(b) cut off any meaningful and reasonable appeals procedure for Medicaid providers to contest the Department "case-mix" rate decisions for rate years ending in or before 1989.
 
 
 21
 Nothing in the record supports the Hospitals' contention that the Department's interpretation of Sec. 256.9695(1)(b) resulted in the implementation of an unreasonable appeals procedure. As we set out above, each of the Hospitals, at the very least, had a 60-day period in which to file their pre-1989 "case-mix" appeals. The Hospitals argue that the imposition of a 60-day appeals period without notice is unreasonable. However, as participants in the Medicaid program, the Hospitals had a duty to familiarize themselves with the legal requirements of the appeals process and obtain a written agency interpretation of the statute. See Heckler v. Community Health Servs., 467 U.S. 51, 64-65, 104 S.Ct. 2218, 2225-27, 81 L.Ed.2d 42 (1984) (holding that a Medicare provider was responsible for familiarizing itself with the legal requirements of cost reimbursement and obtaining an agency interpretation of the applicable regulations). Furthermore, 42 C.F.R. Sec. 447.253(e) requires only that the Department provide Medicaid providers "an opportunity to submit additional evidence and receive prompt administrative review ... of payment rates," it does not impose any notice requirements. Therefore, we conclude that the Hospitals received ample notice and had an opportunity to appeal, as required under 42 C.F.R. Sec. 447.253(a) and (e).
 
 III.
 
 22
 Finally, the Hospitals argue that the Department's interpretation of Minn.Stat. Sec. 256.9695(1)(b) violates the due process clause of the Fourteenth Amendment, because it deprived them of their property interest in pre-1989 appeals process without notice.[5] The district court concluded that the Hospitals were sufficiently notified of the change in the appeals deadline by the broad language of the appeals statute and the case law interpreting similar statutes and, therefore, were not deprived of due process. Slip op. at 14-15. We find it unnecessary to consider whether the Hospitals were deprived of due process, because we conclude that the Hospitals did not have a protected property interest in the pre-1989 appeals process.
 
 
 23
 "The Fourteenth Amendment's procedural protection of property is a safeguard of the security of interests that a person has already acquired in specific benefits." Board of Regents v. Roth, 408 U.S. 564, 576, 92 S.Ct. 2701, 2708, 33 L.Ed.2d 548 (1972). In order to have a protected property interest one must "have a legitimate claim of entitlement to [the property]." Id. at 577, 92 S.Ct. at 2709. Property interests are "created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." Id., Ikpeazu v. University of Neb., 775 F.2d 250, 253 (8th Cir.1985).
 
 
 24
 The Hospitals rely upon Littlefield v. City of Afton, 785 F.2d 596, 600 (8th Cir.1986),[6] to support their claim that they have a protected property interest in the pre-1989 appeals process. In Littlefield, we held that "an applicant for a building permit ha[d] a constitutionally protected property interest in the permit," because the only requirement under state law and the city ordinance for the issuance of the permit was compliance with city ordinances, a condition the plaintiff had fulfilled. 785 F.2d at 602. Thus, the Hospitals are correct in their assertion that "a legitimate claim of entitlement can arise from procedures established in statutes or regulations adopted by states." Id. at 600. However, the Hospitals ignore a fact which was critical to the Littlefield court's holding. The Littlefield court reasoned that the ordinance at issue "significantly and substantially restricted" the City's decision making power and, therefore, created a constitutionally protected property interest. Id. at 602. In the present case, no statute or regulation significantly or substantially restricts the Department's authority to implement a 60-day appeals deadline. Thus, the Hospitals' interest in the pre-1989 appeals process amounts to nothing more than "an abstract need or desire," which is not sufficient to establish a protected property interest. Roth, 408 U.S. at 577, 92 S.Ct. at 2709.
 
 
 25
 For the foregoing reasons, we affirm the judgment of the district court.
 
 
 
 *
 The HONORABLE CHARLES A. SHAW, United States District Judge for the Eastern District of Missouri, sitting by designation
 
 
 [1]
 The Honorable Diana E. Murphy, then Chief Judge of the United States District Court for the District of Minnesota, now United States Circuit Judge for the Eighth Circuit
 
 
 [2]
 North Memorial filed a successful case-mix appeal for the rate year 1984. The Department did not complete processing the 1984 appeal until the spring of 1990. North Memorial contends that even if it wanted to file a case-mix appeal for 1985 or later years, it could not because it did not know what its adjusted base year rate would be until the Department finished processing the 1984 appeal. North Memorial argues that the regulations then in effect required that a permanent adjustment be made to the base year costs in the years following a successful appeal. The Department contends that the regulation then in effect did not require that successful case-mix appeals be included in the adjusted base year costs for following years, and that North Memorial misconstrued the regulation
 
 
 [3]
 The length of time to file a "case-mix" appeal was amended from 60 days to 120 days effective August 1, 1990. Act of May 3, 1990, ch. 568, Art. 3, Sec. 18, 1990 Minn.Laws 1859
 
 
 [4]
 The Department points out that the shortest appeal period at issue in this case is 244 days
 
 
 [5]
 Although it is not clear from the briefs, it appears that the Hospitals are asserting only a procedural due process claim. In order "to make out a substantive due process claim, [the Hospitals] must show that the law violated one of [their] fundamental rights." Walker v. City of Kansas City, 911 F.2d 80, 93 (8th Cir.1990), cert. denied, 500 U.S. 941, 111 S.Ct. 2234, 114 L.Ed.2d 476 (1991); see also Lemke v. Cass County 846 F.2d 469, 471 (8th Cir.1987) (en banc) (per curiam) (Richard Arnold, J., concurring) (stating that the application of substantive due process should be "strictly limited"). The Hospitals make no arguments which even begin to approach this standard. Thus, we address the Hospitals' argument only as a procedural due process claim
 
 
 [6]
 The portion of Littlefield which addresses substantive due process has been abrogated. See Lemke, 846 F.2d at 470-71