James KLETSCHKA, petitioner,
Appellant,

v.

The LE SUEUR COUNTY BOARD OF
COMMISSIONERS, et al.,
Respondents.

No. 48594.

Supreme Court of Minnesota.

March 30, 1979.

Greising & Keogh and Robert M. Greising, Waterville, for appellant.

Christian & Mason, and Paul A. R. Mason, Le Center, for respondents.

William C. Norris and Theodore Mellby, Montgomery, for objectors.

Heard before PETERSON, TODD, and STONE, JJ., and considered and decided by the court en banc.

PETERSON, Justice.

This case involves the question of whether procedural due process of law requires that witnesses at a conditional-use permit hearing be sworn and be subject to cross-examination.

Petitioner, James Kletschka, applied to the Le Sueur County Planning and Zoning Commission for a conditional-use permit in order to establish a recreational vehicle campsite. Notice and a public hearing are required by the relevant ordinance for the issuance of a conditional-use permit. At the commencement of the public hearing, petitioner requested that all witnesses be placed under oath and that he have the right to cross-examine witnesses for the objectors. The commission denied these requests but indicated petitioner could ask questions if the questions were addressed to the commission.

Petitioner testified in favor of granting the conditional-use permit. The objectors made a slide presentation and read from written documents, most of which were in the form of affidavits expressing the opinions of private individuals opposed to granting the permit. Thereafter, others presented their views to the commission, both in

favor and against granting the permit. Kletschka responded to some of the opposing arguments. At the conclusion of the presentation of all evidence, the commission denied petitioner's request for the permit. The matter was subsequently considered by the Le Sueur County Board of Commissioners, which denied the permit on the basis of the hearing and the recommendation of the zoning commission.

Petitioner obtained a writ of certiorari in the district court to review the proceedings on petitioner's conditional-use permit application. The district court affirmed the action of the county board, and the writ of certiorari was discharged. This appeal followed.

Our recent decision in *Barton Contracting Co., Inc. v. City of Afton*, 268 N.W.2d 712 (Minn.1978), controls disposition of this case. We there held that due process of law does not ordinarily mandate that witnesses in this type of hearing be sworn or be subject to cross-examination. Because the governing body, in considering an application for a conditional-use permit pursuant to a zoning ordinance, acts in a quasi-judicial capacity, basic rights of procedural due process require reasonable notice of hearing and a reasonable opportunity to be heard; but such hearing does not invoke the full panoply of procedures required in regular judicial proceedings. We specifically held that cross-examination was not an essential element of procedural due process in such hearings because, as we observed, "[t]he statements made at such a public hearing, unlike a regular judicial proceeding, are not given under oath and are not limited by the traditional rules of evidence. They are usually broad expressions of opinion in favor or against the application." 268 N.W.2d 716.[1] A perusal of the transcript in this conditional-use permit hearing does not indicate that the type of evidence produced was the type of evidence which could have been more fully evaluated if given under oath or subjection to cross-examination.

Affirmed.

---

1. There may be circumstances not present in *Barton Contracting Co. Inc. v. City of Afton*, 268 N.W.2d 712 (Minn.1978), or in this case, where testimony concerns matters so critically important that the oath and opportunity for cross-examination are to be preferred, if not required, as a matter of fairness. A reviewing court may as a practical matter consider the absence of such procedure in assessing the sufficiency of evidence on a close question of factual basis for a governing body's determination.