*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0455**

Mahmood Khan,
Relator,

vs.

Minneapolis City Council,
Respondent.

**Filed December 22, 2014
Affirmed
Smith, Judge**

Minneapolis City Council

James D. Heiberg, St. Paul, Minnesota (for relator)

Susan L. Segal, Minneapolis City Attorney, Lee C. Wolf, Assistant City Attorney, Minneapolis, Minnesota (for respondent)

Considered and decided by Ross, Presiding Judge; Schellhas, Judge; and Smith, Judge.

## UNPUBLISHED OPINION

**SMITH**, Judge

We affirm the Minneapolis city council's decision to revoke relator's rental-dwelling license because the city council's decision does not constitute an unconstitutional taking; the decision was supported by the record and was neither arbitrary nor capricious; and relator was provided adequate due process.

**FACTS**

Relator Mahmood Khan applied for and received approval from the city of Minneapolis to rent his property in August 2011. Between September 2011 and December 2012, the city issued Khan seven "blue tag notices" directing him to address garbage-disposal problems on the property. On February 1, 2013, the city sent a notice to Khan that his rental-dwelling license for the property could be revoked if there were any additional garbage-disposal violations. On April 15, 2013, the city issued another blue tag notice.

In August 2013, the city's department of regulatory services notified Khan that it would be recommending that the city revoke his rental-dwelling license for the property. Khan appealed the revocation recommendation, and, after a hearing, an administrative hearing officer recommended revocation of Khan's rental-dwelling license for the property. After holding its own hearing, the city's community development and regulatory services committee adopted the hearing officer's recommendation. The city council subsequently revoked Khan's rental-dwelling license.

**D E C I S I O N**

**I.**

"City council action is quasi-judicial and subject to certiorari review if it is the product or result of discretionary investigation, consideration, and evaluation of evidentiary facts." *Staeheli v. City of St. Paul*, 732 N.W.2d 298, 303 (Minn. App. 2007) (quotation omitted). On certiorari review, an appellate court does not retry facts or make credibility determinations, and "will uphold the decision if the lower tribunal furnished

2

any legal and substantial basis for the action taken." *Id.* (quotation omitted). An appellate court reverses a decision of a city council "only if it is 'fraudulent, arbitrary, unreasonable, unsupported by substantial evidence, not within its jurisdiction, or based on an error of law.'" *Lam v. City of St. Paul*, 714 N.W.2d 740, 743 (Minn. App. 2006) (quoting *Dokmo v. Indep. Sch. Dist. No. 11*, 459 N.W.2d 671, 675 (Minn. 1990)).

Khan argues that the revocation of his rental-dwelling license was an unconstitutional taking. The federal and state constitutions prohibit the state from taking private property without just compensation. U.S. Const. amend. V; Minn. Const. art. I § 13. But although a permit is a "property interest" and "a government entitlement or benefit," it "is not private property . . . subject to a taking claim." *Hay v. City of Andover*, 436 N.W.2d 800, 804 (Minn. App. 1989). Further, a license is a privilege and cannot be construed as property unless it is assignable and transferable, and Khan's license was not. *See State by Mattson v. Saugen*, 283 Minn. 402, 406, 169 N.W.2d 37, 40-41 (1969); *see also* Minneapolis, Minn., Code of Ordinances § 244.1870 (2013) [hereinafter M.C.O.] (stating that a rental-dwelling license is nontransferable). Thus, Khan's rental-dwelling license is not private property and its revocation is not reviewable as a taking under the federal and state constitutions.

## II.

Khan argues that the city's revocation of his rental-dwelling license is unreasonable, arbitrary, or capricious. A city council's quasi-judicial decision "may be modified or reversed when it is '[u]nsupported by substantial evidence in view of the entire record as submitted' or '[a]rbitrary or capricious.'" *City of Mankato v. Mahoney*,

3

542 N.W.2d 689, 691-92 (Minn. App. 1996) (quoting Minn. Stat. § 14.69(e), (f) (1994)).

But "[r]outine municipal decisions should be set aside only in those rare instances where the decision lacks any rational basis, and a reviewing court must exercise restraint and defer to the city's decision." *Id.* at 692.

The record establishes that Khan violated the city ordinance several times. Khan was provided notice of his violations and the opportunity to abate the nuisances. He was ultimately notified that subsequent failures to abate garbage nuisances could lead to the revocation of his rental-dwelling license. The record demonstrates that Khan was given ample opportunity to avoid the revocation, but he failed to act. Therefore, because the city's decision to revoke Khan's rental-dwelling license for the property is supported by the evidence, the decision was not arbitrary or capricious.

Khan also argues that the city's policy of targeting particular areas of the city, including Khan's property, for "accelerated enforcement" of garbage violations is arbitrary and capricious in light of citywide garbage-disposal problems. But city ordinances authorize the city engineer to craft supplemental policies "as may be deemed necessary for the collection and disposal of solid waste." M.C.O. § 225.570 (2013); *see* M.C.O. § 225.690 (2013). Khan identifies no authority barring the city from prioritizing particular areas for garbage-disposal-enforcement efforts, and he is not entitled to relief from them. *See Schoepke v. Alexander Smith & Sons Carpet Co.*, 290 Minn. 518, 519-20, 187 N.W.2d 133, 135 (1971) ("An assignment of error based on mere assertion and not supported by any argument or authorities in appellant's brief is waived and will not be considered on appeal unless prejudicial error is obvious on mere inspection.").

4

## III.

No person shall be deprived of property without due process of law.  Minn. Const. art. I, § 7.  When a city council "acts in a quasi-judicial capacity, basic rights of procedural due process require reasonable notice of hearing and a reasonable opportunity to be heard; but such hearing does not invoke the full panoply of procedures required in regular judicial proceedings." *Kletschka v. Le Sueur Cnty. Bd. of Comm'rs*, 277 N.W.2d 404, 405 (Minn. 1979).  "Due process requires only that the method of notice . . . be reasonably calculated to reach the intended party." *State v. Green*, 351 N.W.2d 42, 43-44 (Minn. App. 1984) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S. Ct. 652 (1949)).  Mailing a true copy of the notice to a party's last known address is sufficient even without an actual receipt of the notice.  *Id.* at 44.

Each time the city abated a garbage nuisance on the property, the city notified Khan of the nuisance by the placement of a blue tag on the property's garbage containers.  Khan also received follow-up letters in December 2013 for each abatement.  The city provided notice that Khan's property was the subject of several nuisance abatements and that any further nuisance conditions could lead to the revocation of his rental-dwelling license for the property.  The city also provided a notice of revocation and the right to appeal to Khan.  While the record contains no evidence that Khan received notice of the hearings before the committee or the city council, Khan makes no claim that he did not receive such notice.  Khan was provided adequate notice of the recurring violations, the possibility of an additional violation leading to rental-dwelling license revocation, the recommendation to revoke, and the right to appeal.

5

Due process also requires an "orderly proceeding," which provided Khan with "an opportunity to be heard to defend, enforce, and protect his rights . . . ." *See State ex rel. Barber Asphalt Paving Co. v. Dist. Court of St. Louis Cnty.*, 90 Minn. 457, 462, 97 N.W. 132, 134 (1903). After Khan appealed the license-revocation recommendation, M.C.O. § 244.1960 (2013) required that a hearing be conducted before an administrative hearing officer who, after hearing all permitted relevant evidence and argument, was required to make findings and a recommendation to the city council. Khan was given the opportunity to present evidence and argument at the hearing prior to the administrative hearing officer issuing his recommendation. Khan was also provided with the opportunity to be heard at a subsequent hearing before the community development and regulatory services committee. Although the committee was not permitted to take new evidence, *see* M.C.O. § 244.1960(e), it permitted Khan to once again make arguments. Thus, the committee provided Khan the opportunity to be heard and to defend, enforce, and protect his rights.

The city gave Khan repeated notice of violations, the possibility of revocation for noncompliance, the recommendation to revoke, and the right of appeal. Khan also participated in two separate hearings where he had the opportunity to defend, enforce, and protect his rights. Therefore, because adequate due process was provided, Khan is not entitled to relief.

**Affirmed.**